ATLANTIC TRUST COMPANY, as Trustee under the Will of WILLIAM TILDEN, Deceased, et al., Respondents, *v.* JOHN A. HOLDSWORTH, Appellant and Respondent.

FREDERICK STUART et al., Appellants and Respondents; CHARLES BON et al., Respondents, Impleaded with Others.

*Atlantic Trust Co.* v. *Holdsworth,* 50 App. Div. 623, affirmed.
(Submitted March 22, 1901; decided April 30, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 16, 1900, affirming an interlocutory judgment entered upon a decision of the court on trial at Special Term in an action brought by the trustee under the will of William Tilden, deceased, for a settlement of its accounts and a partition of the estate.

The facts, so far as material, are stated in the opinion.

*Charles N. Morgan* for John A. Holdsworth, appellant and respondent, et al.

*Allan McCulloh* for Frederick Stuart et al., appellants and respondents.

*Frederic R. Coudert* for Charles Bon et al., respondents.

*Per Curiam.* This action was brought by the trustee under the will of William Tilden, deceased, for a partition of the estate and for a settlement of the trustee's accounts. William Tilden died in 1869, leaving him surviving a widow and four sons. He left a will, by which he gave to his wife an annuity, and, subject thereto, he bequeathed and devised the residue of his property, in equal shares, to his four sons. By agreement made prior to the death of the testator's widow a partial division of the estate was made and the remainder was set aside to provide for the payment of the annuity to the widow. The widow having died in 1896, the present action was instituted, and the questions which arise upon this appeal concern the share vested in Milano C. Tilden, one of the four sons of the testator, against which certain claims are made. Milano C. Tilden predeceased the testator's widow in 1889, leaving a wife, who is the defendant Lilian E. F. Braddon, to whom by his will he gave all of his property, which included his vested interest in the share of his father's estate yet to be divided. Prior to his death he had created charges against this share, and, after his death, his widow, who married one Braddon and resided in England, realized upon the share by creating further liens and charges and then granted and assigned to the defendant Holdsworth her interest therein, subject to several charges and incumbrances affecting the same and which were specified; with an agreement, should the share become vested within a year, that she should receive half the net profits realized by him, and that, if the possession was delayed longer than that date, the sum of 500 pounds was to be deducted for each six months' delay, and which further provided for the division between them of all surplus income

received during the life of the testator's widow, the annuitant of the estate. The other claims in question are those made by the defendants Stuart, the two Hartlands, Iago and the Bons.

The claim of Stuart rests upon a certain instrument by which the said Lilian Tilden granted to him, in consideration of the payment of the sum of 300 pounds, the sum of 900 pounds out of her one-fourth share of William Tilden's estate upon the death of the annuitant, with the right on her part to repurchase the said sum of 900 pounds at any time during three years thereafter, at certain increasing rates of payment, as therein specified.

The claim of the Hartlands rests upon a similar instrument, whereby Lilian Tilden granted to them, in consideration of the sum of 100 pounds, the sum of 400 pounds out of the said one-fourth share, subject to a right of repurchase; and the claim of Iago is upon a like instrument, by which, for 100 pounds, the sum of 350 pounds out of the one-fourth share was granted to him, subject to a like right of repurchase.

The claim of the Bons is upon a written "acknowledgment of debt" made to them by Lilian Tilden for dresses and cloaks supplied to her, of the value of 13,750 francs; in which instrument of acknowledgment she agreed to give a mortgage upon the one-fourth share of William Tilden's estate coming to her, to secure her indebtedness to them, with interest at six per cent.

All of the above instruments were given prior to the death of the annuitant of William Tilden's estate, and, in order of priority, Holdsworth's is the latest in date. The instrument under which the Bons claim is the only one which was not recorded. They constitute the contested claims upon which questions have arisen, which, in the opinion of the Appellate Division, in the first department, ought to be reviewed by this court. It was held below that the claims of Stuart, the Hartlands and Iago constituted liens or mortgages, and, as against other creditors, were good only for the amounts actually advanced, with interest thereon; that with respect to the claim of the Bons, the instrument, by which Lilian Tilden agreed to give a mortgage upon the said one-fourth share of the estate, operated as an equitable mortgage, not required to

be recorded, and that with respect to Holdsworth's claim, he took by his instrument of grant, or assignment, subject to the full payment of all the prior transfers or liens; inasmuch as what he was entitled to by the grant from Lilian Tilden could not exceed, under a proper construction, the surplus remaining of the said one-fourth share after the payment of all just claims and charges against her interest in it.

Four questions were certified to this court by the Appellate Division, the first of which is as follows: "Do the instruments, under which the defendants Stuart, Hartland and Iago claim, give to such claimants a lien or charge upon the estate in the hands of the plaintiff as trustee, as against the interest of the defendant Holdsworth, for the full amount mentioned in each of said instruments respectively, with interest from September 22d, 1896, or should such instruments, and each of them, stand as security only for the amount actually advanced, with interest thereon?" For the reasons stated in the opinion of the Appellate Division, the answer to this question is, that such instruments gave to the claimants named a lien or charge as against Holdsworth for their full amounts.

The second question is as follows: "Is the share or interest formerly of the defendant Lilian F. Braddon in the estate in the hands of the plaintiff, as trustee, chargeable as against the defendant Holdsworth, under the transfer and conveyance to him of June 25, 1896, and June 4, 1896, with the claim of the defendants Bon?" For the reasons stated in the opinion of the Appellate Division, the answer should be in the affirmative.

The third question is as follows: "Did the defendant Holdsworth, by the various instruments to him, acquire an absolute title to Mrs. Braddon's interest in the estate, subject only to those liens and charges against such estate which are valid and subsisting and of which he had notice; or is the instrument under which he holds a mere assignment of what should remain in Mrs. Braddon after the payment of all the just and equitable charges or liens against her?" For the reasons stated in the opinion of the Appellate Division, the answer is that Holdsworth acquired from Mrs. Braddon only her interest in the share of the estate remaining after the satisfaction of all the just and equitable charges against her.

The fourth question is as follows : " Are the claims of the defendants Stuart, Hartland and Iago, or either of them, wholly, or in part, subject in order of priority to the claim of the defendants Bon ? " For reasons stated in the opinion of the Appellate Division, the claim of the Bons, in order of payment, is subject to the claims of Stuart, the Hartlands and Iago for the amounts actually advanced by them, with lawful interest thereon.

The order and judgment affirming the interlocutory judgment should be affirmed, without costs to any of the parties, except to the respondents Bon, to whom are awarded costs, to be paid by the appellants.

PARKER, Ch. J., GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur ; MARTIN, J., not voting.

Order and judgment affirmed.