WILLARD H. SLEETH, Respondent, *v.* CORNELIA A. SAMPSON, Individually and as Administratrix, etc., of ERNEST P. SAMPSON, Deceased, and Others, Appellants.

Fourth Department, May 9, 1923.

Mortgages — equitable mortgage — action to impress lien on real estate — delivery by intestate of title deed and abstract of title to plaintiff on receipt of loan of money did not give plaintiff lien on property for amount loaned and debt then due — no agreement was reached between plaintiff and intestate as to terms of mortgage — answer of administratrix will be considered amended so as to interpose defense of Statute of Frauds — plaintiff has claim for loan made at time title deed was delivered — administratrix will be allowed to plead Statute of Limitations on new trial.

An equitable mortgage does not arise so as to entitle the plaintiff to a lien upon the estate of the intestate for the amount of money loaned and a debt due, where it appears that at the time the loan was made the intestate gave to the plaintiff the title deed to the land in question and the abstract of title thereon and promised to meet the plaintiff at a lawyer's office for the purpose of executing a bond and mortgage, but no agreement was reached between the plaintiff and the intestate as to the terms or duration of the mortgage.

Though the Statute of Frauds was not pleaded by the administratrix it was pleaded by the other defendants and the attorney for the administratrix joined in a motion to dismiss the complaint on the ground that the Statute of Frauds was a defense, and hence the answer of the administratrix may be considered as amended so as to plead the Statute of Frauds.

Though there is not sufficient evidence to establish a cause of action to impress a lien upon real estate, there is alleged in the complaint sufficient facts to establish a claim for the money loaned at the time of the transaction in question.

The administratrix should be allowed to interpose the defense of the Statute of Limitations on the new trial which is granted.

HUBBS, P. J., dissents.

APPEAL by Cornelia A. Sampson, individually and as administratrix, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 9th day of September, 1922, upon the report of a referee.

*Frank Hopkins,* for the appellant Sampson.

*Robert H. Gere,* for the appellants Shepard.

*Leon A. Murphy* [*George E. Mull* of counsel], for the respondent.

SEARS, J.:

Ernest P. Sampson in his lifetime was the owner of a farm in the county of Onondaga. He died intestate on the 5th day of December, 1921, leaving the defendants, who are his mother and two nephews, as his sole heirs at law. Letters of administration were issued to the defendant Cornelia A. Sampson by the Surrogate's Court of Onondaga county.

The plaintiff and Ernest P. Sampson had financial dealings with each other over a long period. The learned referee, before whom this case was tried, has found that Sampson was indebted to the plaintiff on the 15th day of November, 1921, in an aggregate amount of $1,197.51, including interest. On that date the plaintiff and Sampson had a conversation in the barn on Sampson's farm. A man named Victor Dean, who had gone there to look for the plaintiff, happened to be present and upon his testimony the learned referee has further found that Sampson and the plaintiff at that time entered into a verbal agreement according to which the plaintiff was to lend Sampson an additional sum of $100, and Sampson was to execute and deliver to the plaintiff a bond and mortgage on his farm as collateral security for the payment of the indebtedness which was then owing the plaintiff and for the repayment of the sum of $100 to be lent him, and that in accordance with this arrangement the plaintiff at that time handed over to Sampson $100, and Sampson delivered to the plaintiff his title deed to the farm and abstract of title, and promised to meet the plaintiff at the office of certain attorneys in the city of Syracuse to execute a bond and mortgage. Nothing further was done by Sampson toward giving the plaintiff the bond and mortgage before his death.

On these facts, the referee concluded as matter of law that the

plaintiff had a claim against the estate of Ernest P. Sampson for $1,297.51 and interest from the 15th day of November, 1921, which amount was a lien upon Sampson's farm, and he directed judgment impressing such lien upon the real estate, which he ordered sold according to law. The findings of fact do not sustain the judgment. In this State it has long been established that, upon the principle that equity will consider done what ought to have been done, in many instances a contract to give a mortgage will be held good as a mortgage. (*Atlantic Trust Co.* v. *Holdsworth,* 167 N. Y. 532; *Payne* v. *Wilson,* 74 id. 348; *McCaffrey* v. *Woodin,* 65 id. 459; *Chase* v. *Peck,* 21 id. 581.) Such an agreement, however, to be enforcible, must be in writing under the Statute of Frauds. (Real Prop. Law, §§ 242, 259; *Sprague* v. *Cochran,* 144 N. Y. 104; *Stoddard* v. *Hart,* 23 id. 556; *Burdick* v. *Jackson,* 7 Hun, 488.)

There are occasions when the courts will not allow a parol contract to convey an interest in land, which has been partly executed, to be defeated because not in writing, but in the absence of fraud or bad faith, such is the rule only where there is " performance ' unequivocally referable ' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing." (*Burns* v. *McCormick,* 233 N. Y. 230; 4 Kent's Comm. 451; *Woolley* v. *Stewart,* 222 N. Y. 347.) There is no act in this case unequivocably referable to a promise to give a mortgage, without the aid of the alleged oral contract. The loan of $100 implies a promise to pay it back, but does not import a mortgage security. The English doctrine of equitable mortgage by delivery of the title deeds does not obtain in this State. (*Stoddard* v. *Hart, supra.*)

The delivery of an abstract and title deed, aside from the oral testimony, would be entirely consistent with the debtor offering proof of his financial responsibility. No confidential relation has been abused; no fraud is claimed; no inducement was offered with the preconceived intention that it would later be ignored. The plaintiff can be fully compensated for the $100 advanced, by the repayment of the same, and should repayment be made, the plaintiff would be in the same position that he was in before the transaction occurred.

The Statute of Frauds was not pleaded by the defendant Sampson. It was set up in the answer of the other defendants, and at the opening of the case a motion was made on behalf of the defendants Shepard to dismiss the complaint on that ground, and counsel for the defendant Sampson made a similar motion. In the discussion by the referee no distinction is made among the defendants upon

this ground, and in view of the course of the trial we may well consider the answer of the defendant Sampson as amended to accord in this respect with the answer of the other defendants.

Aside from the defense based on the parol character of the transaction, no agreement was reached between the plaintiff and Sampson as to the terms or duration of the mortgage; in fact, the negotiation culminated in the delivery by Sampson to the plaintiff of an envelope with some papers, Sampson saying: " You look these over and see what you can do, and we will go down to the lawyer's in a few days and draw this up."

These final words unquestionably indicate a failure to complete the arrangements at that time, leaving open for the future the settlement of the matter between them. The transaction as testified to by Dean thus falls short of a clear and definite parol agreement as to the character of the security.

Although in our opinion the plaintiff has failed to establish a cause of action to impress a lien upon real estate, there is alleged in the complaint sufficient to establish at least a claim for $100 against the estate. As to the balance of the debt, the facts are not alleged in the complaint, and before there is a new trial, which will be necessary, the plaintiff will probably have to amend the complaint, and the defendant administratrix should in any event be allowed to interpose the defense of the Statute of Limitations.

The judgment should be reversed, with costs, on the law and the facts, and the complaint dismissed, with costs as to all the defendants, except the defendant Cornelia A. Sampson, as administratrix of the estate of Ernest P. Sampson, deceased, and as to her, as administratrix, the judgment should be reversed, and a new trial granted. Certain findings of fact disapproved and reversed, and new findings made.

All concur, except HUBBS, P. J., who dissents and votes for affirmance.

Judgment reversed, with costs, upon the law and facts, certain findings of fact disapproved and reversed, and new findings made, and complaint dismissed, with costs as to all the defendants, except Cornelia A. Sampson, as administratrix, etc., and as to her, as administratrix, the judgment is reversed on the law and facts and a new trial granted.