■ RICHARD J. BECKMANN, Respondent, v 71 SPEEDER ROAD, LLC, Appellant, et al.; Defendant. [814 NYS2d 761]—

Crew III, J. Appeal from an order of the Supreme Court (Spargo, J.), entered April 21, 2005 in Albany County, which denied a motion by defendant 71 Speeder Road, LLC for summary judgment dismissing the complaint against it.

In 1994, while married to plaintiff, Kelli Beckmann acquired a parcel of commercial property in the Town of Bethlehem, Albany County, and, for a period of time, plaintiff operated a commercial truck repair business at that location. Thereafter, in July 2002, plaintiff commenced a divorce action against Beckmann, which apparently is still pending. In July 2003, Beckmann sold the subject property to defendant 71 Speeder Road, LLC (hereinafter defendant) for $188,500 and purportedly used the proceeds therefrom to pay off the mortgage, back taxes and a lien on the property.

Plaintiff thereafter commenced this action against defendant and one of its principals, defendant Donald Hart,* asserting that he has an equitable interest in the property. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Supreme Court denied that motion, finding that defendant failed to tender sufficient admissible proof to discharge its burden on the motion for summary judgment and, in any event, that plaintiff's proof in opposition was sufficient to raise a question of fact as to whether defendant had notice of plaintiff's equitable interest in the property prior to taking title thereto. This appeal by defendant ensued.

We affirm. Initially, we agree with Supreme Court that defendant failed to demonstrate its entitlement to summary judgment in the first instance. Neither the affidavit submitted by

---

* The action against Hart subsequently was discontinued.

defendant's counsel, which lacks probative value as it is made without personal knowledge (*see Fallsburg Fishing & Boating Club, Inc. v Spiegel*, 9 AD3d 765, 766 [2004]; *Bronson v Algonquin Lodge Assn.*, 295 AD2d 681, 682 [2002]), nor the accompanying documentary evidence is sufficient to establish that defendant lacked notice of plaintiff's alleged equitable interest in the property and, hence, purchased the property in good faith.

Moreover, even assuming that we somehow found defendant's proof adequate to satisfy its initial burden on the motion for summary judgment, we nonetheless would find that plaintiff tendered sufficient admissible proof to raise a question of fact as to whether defendant was in possession of "facts that would lead a reasonably prudent purchaser to make inquiry" (*Nethaway v Bosch*, 199 AD2d 654, 654 [1993]). Plaintiff's proof in opposition included an affidavit from his then attorney, Andrew Jacobs, who averred that prior to defendant acquiring the property at issue, Hart contacted him and offered to purchase plaintiff's interest in the property. According to both Jacobs and plaintiff, Hart and plaintiff could not come to terms on price and, ultimately, Jacobs rejected Hart's offer on plaintiff's behalf. In addition to the foregoing, plaintiff tendered an affidavit wherein he averred, among other things, that Hart's son fathered a child with Beckmann, thereby giving rise to the inference that Hart was well aware of the pending matrimonial action between Beckmann and plaintiff and, hence, plaintiff's likely equitable interest in the property. Additionally, plaintiff averred that at the time the property was conveyed to defendant, he still had equipment located on the premises and was receiving rent from the tenant to whom he had leased the property. According to plaintiff, Hart was well aware of this situation, as evidenced by what plaintiff characterizes as the "rent splitting agreement" he entered into with Hart some months after the underlying closing. In our view, the foregoing proof is sufficient to defeat defendant's motion for summary judgment dismissing the complaint. Defendant's remaining contentions, including its assertion that the underlying matrimonial action is the proper forum for the relief sought by plaintiff, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.