**Philip HARFF and Stephanie Harff, Plaintiffs below, Appellants,**

v.

**Kirk KERKORIAN et al., Defendants below, Appellees.**

**No. 203, 1974.**

Supreme Court of Delaware.

Submitted June 11, 1975.

Decided Oct. 17, 1975.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, and Paul M. Bernstein and Melvin I. Friedman, of Kreindler & Kreindler, New York City, for plaintiffs below, appellants.

E. Norman Veasey and Allen M. Terrell, Jr., of Richards, Layton & Finger, Wilmington, for appearing individual defendants below, appellees.

Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, and Terry N. Christensen of Wyman, Bautzer, Rothman & Kuchel, Beverly Hills, Cal., for Metro-Goldwyn-Mayer, Inc., defendant below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

This appeal arises in a combined derivative and class action brought by holders of convertible subordinate debentures against the corporation and its directors, claiming damages for wrongful declaration of dividend. The Court of Chancery dismissed the derivative action and granted summary judgment in favor of the defendants in the class action. See Opinion below at 324 A. 2d 215. The plaintiffs appeal both rulings.

**134** ▮ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

## I.

▮ The Court of Chancery ruled that debenture holders lack standing under Delaware law to sue derivatively because they are not "stockholders" under 8 Del.C. § 327. We affirm that ruling for the reasons stated in the Opinion below. See 324 A.2d at 218–220.

## II.

As to the class action, in response to the plaintiffs' claim of breach of fiduciary duty by the directors, the Court of Chancery held that the complaint failed to state a claim upon which relief may be granted because the right upon which the plaintiffs rely is not within the terms of the Indenture to which the plaintiffs are confined in the absence of "fraud, insolvency, or a violation of a statute". 324 A.2d at 222. And the Court of Chancery found no assertion of fraud in the complaint, stating: " * * * although counsel for plaintiffs at oral argument categorized the declaration of dividends as amounting to fraud, plaintiffs have failed to allege fraud in their complaint on the class claim." 324 A.2d at 221.

▮ It was error to so conclude. The class action claim alleged in the complaint (paragraphs 25 and 26) incorporated by reference all of the allegations contained in paragraphs 12 through 24 of the complaint; and paragraph 22 alleged:

"22. The $10,500,000 dividend was conceived and effectuated by the individual defendants fraudulently and in

breach of their fiduciary duties for the personal benefit of Kerkorian."

The claim of fraud is thus clearly sounded in the complaint; and it permeates the plaintiffs' position *vis a vis* the Indenture limitations: the plaintiffs argue that the "dividend was wrongfully declared"; that this "tort claim is wholly unrelated to and unaffected by any contract rights that the plaintiffs may have under the Indenture Agreement"; that the directors "were not merely negligent but were guilty of wrongful acts"; that "here, tortious acts have been committed"; that the "alleged wrongful declaration of a dividend is a tort"; that if " 'special circumstances' are necessary [to enable debenture holders to assert a right not included in the Indenture], * * * the intentional looting of a corporation clearly qualifies as such."

While the plaintiffs' demonstrated reluctance to use the word "fraud" is remarkable, there can be no doubt that the issue of fraud is sufficiently asserted to require trial of that issue.

Accordingly, the summary judgment in favor of the defendants in the class action is reversed and the cause remanded for trial of the issue of fraud.*

We abstain from passing at this stage upon the various collateral questions presented by the parties, here and below. Those questions may be best examined and determined in the light of a further development of the facts of the case upon the trial of the fraud issue.

\* \* \*

Reversed and remanded.

* This conclusion was reached long before the post-argument submission of documents by plaintiffs' counsel on September 23 and 25, 1975. Those documents have received no con-

sideration by the Court in the formulation of this decision. They will be stricken as an unauthorized attempt to enlarge the record on appeal.