Harry LEWIS, Plaintiff,

v.

Al KNUTSON, H. Phillip Hubbard, Harold C. Simmons, Douglas M. Simmons, Glenn R. Simmons, Michael A. Snetzer, Daco Industries, Inc., James J. Ling, William H. Tinsley, Lewis H. Johnson, John W. Bertoglio, Robert W. Moore, Daniel M. Carney, Daniel J. Taylor, Flight Proficiency Service, Inc., Danco, Inc., and Contran, Inc., Defendants.

Civ. A. No. CA-3-78-1147-D.

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 13, 1980.

Abraham I. Markowitz, New York City, for plaintiff.

Timothy A. Duffy, Dallas, Tex., Roger Taylor, Chicago, Ill., James L. Truitt, Dallas, Tex., for defendants.

## ORDER

ROBERT M. HILL, District Judge.

Came on for consideration before the Court the motion to dismiss for lack of standing (April 14, 1980) of defendants Al Knutson, H. Phillip Hubbard, Harold C. Simmons, Glenn R. Simmons, Michael A. Snetzer, and Flight Proficiency, Inc. (the "inside defendants"), which the Court converted into a motion for summary judgment in its order of July 1, 1980.[1] The Court, having considered the affidavits and the briefs on file and having heard the argument of counsel in open court on July 29, 1980, is of the opinion that the inside defendants' motion for summary judgment should be granted because plaintiff Harry Lewis ("Lewis") lacks standing to pursue the derivative claims in his first amended complaint. The Court is further of the opinion that Contran's remaining common stockholders should be notified of the imminent dismissal of Lewis' action and should be given an opportunity to intervene.

Fed.R.Civ.P. 56(c) provides that summary judgment should "be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The inside defendants initially bore the burden of establishing both the absence of any genuine issues of material fact and their entitlement to judgment as a matter of law; and the Court resolved "all reasonable doubts as to the existence of a genuine issue of material fact" against the inside defendants. *Kennett–Murray Corporation v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Through proper summary judgment proof,[2] the inside defendants established the following facts in support of their motion for summary judgment: Lewis became the owner of 100 shares of Contran common stock on February 5, 1969. Affidavit of Michael A. Snetzer ("Snetzer") (filed 4/14/80) at paragraph 3. In July, 1977, Contran's shareholders

1. The Court signed the order on July 1, 1980; however, the clerk did not file the order until July 2, 1980.

2. Fed.R.Civ.P. 56(e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

approved a one–for–ten reverse stock split which reduced Lewis' holdings in Contran to ten shares. Thus, Lewis owned ten shares of Contran stock when he filed this suit on September 15, 1978. However, on November 29, 1979, defendant Flight Proficiency Service, Inc., the holder of the majority of Contran's common stock, voted to approve a one–for–thirty reverse split (the "split") of Contran common stock which left Lewis as the holder of only ten "fractional share interests."[3] The split became effective on December 19, 1979.

In connection with the split Contran caused a notice of approval of the amendment to the certificate of incorporation and a letter of transmittal and order form to be mailed to all Contran stockholders at the addresses indicated on Contran's stockholder list. Specifically, Contran caused these documents to be mailed to Lewis at P. O. Box 169, New York, New York, the address reflected on Contran's books as of August 2, 1979. Contran did not include Lewis' zip code, 10008, on its mailings to Lewis because Lewis' zip code did not appear on Contran's stockholder records. The New York post office for the zip code 10001, rather than the New York post office for the zip code 10008, received Contran's mailings to Lewis and returned them to Contran marked "addressee unknown." *See* Snetzer Affidavit (filed 6/17/80) at paragraphs 5–7 and Exhibits 3–4. In the past Contran had successfully used the address P. O. Box 169, New York, New York, as Lewis' mailing address. *See id.* at paragraph 4 and Exhibit 2.

Under the split's terms, Lewis and all other Contran common stockholders had an opportunity to purchase additional fractional share interests for $50.00 apiece on or before January 18, 1980, in order to maintain their equity in Contran. However, Lewis did not attempt to purchase the twenty additional fractional share interests which he would have needed to remain a Contran stockholder until after April 14, 1980, the date on which the inside defendants moved to dismiss for lack of standing. *See* Snetzer Affidavit (filed 6/17/80) at Exhibit 5. After Contran's rejection of Lewis' untimely offer to purchase twenty additional fractional share interests on or about April 23, 1980, *see id.* at Exhibit 6, Lewis retained only the right to turn in his fractional share interests for cash. *See* note 3, *supra.*

■ In order to avoid the grant of summary judgment which the inside defendants' affidavits justified, Lewis was required to "demonstrate both the existence of a material fact and a genuine issue as to that material fact." *Kennett–Murray Corporation v. Bone, supra* at 892. *See* Fed.R. Civ.P. 56(e).[4] Lewis does not contest the general propositions that, under either federal law or Delaware law, *see Schilling v. Belcher*, 582 F.2d 995, 999–1000 (5th Cir. 1978), a plaintiff in a derivative suit must maintain his stock ownership "throughout the life of the suit and that the action will abate if the plaintiff ceases to be a shareholder before the litigation ends." *Id.* at 999; *see Tryforos v. Icarian Development Co.*, 518 F.2d 1258 (7th Cir. 1975) (Stevens, J.), *cert. denied sub nom. Manta v. Tryforos*, 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976); *Heit v. Tenneco, Inc.*, 319 F.Supp. 884 (D. Del. 1970); *Harff v. Kerkorian*, 324 A.2d 215 (Del. Ch. 1974) (dicta), *rev'd in part on other grounds*, 347 A.2d 133 (Del. 1975); *Hutchison v. Bernhard*, 220 A.2d 782 (Del.Ch.1965); 7A C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1826 (1972); *cf. Portnoy v. Kawecki Berylco Industries, Inc.*, 607 F.2d 765 (7th Cir. 1979) (plaintiff lost standing to sue under Section 16(b) of the Securities Exchange

---

3. "Fractional share interests have no dividend, voting, liquidation, or stockholder rights." Snetzer Affidavit (filed 4/14/80) at paragraph 6.

4. Fed.R.Civ.P. 56(e) provides in part that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Act of 1934, 15 U.S.C. § 78p(b) (1971), when he lost shareholder status through merger). Rather, Lewis mounts three arguments in an attempt to convince the Court that a material fact exists as to whether he is still a Contran shareholder. Lewis first contends that his fractional share interests constitute stock despite the provisions of Del. Code Ann. tit. 8, § 155 (1974) ("Section 155"). Second, Lewis argues that the Court, as a court of equity, should not permit the forfeiture of his stock through the split. Third, Lewis contends he has "contingent standing" because the proposed second amended complaint which he requests leave to file and in which he challenges and seeks rescission of the split moots the inside defendants' motion for summary judgment.[5]

■ The Court readily rejects Lewis' first and second arguments. Lewis' first argument which characterizes his current Contran investment as stock flies in the face of Section 155. Simply put, Lewis' first argument appears novel because it is so illogical. Similarly, Lewis' second argument, his plea to the Court's general equitable powers, lacks solid case support. The Court's aphoristic abhorrence of forfeiture does not lead inexorably to the conclusion that the Court should compel Contran to issue one share of its common stock to Lewis.

■ However, the Court finds Lewis' final argument concerning the proposed second amended complaint and the split's requested rescission more troublesome because the voluntariness or the involuntariness of Lewis' loss of shareholder status is apparently a material fact under the applicable law. See Coleman v. Taub, 487 F.Supp. 118 (D. Del. 1980); see also, Zauber v. Murray Savings Association, 591 S.W.2d 932 (Tex.Civ.App.–Dallas 1979, no writ history) (construing analogous requirements of Texas law). The Court finds, however, that Lewis' response to the inside defendants' motion for summary judgment fails to raise a genuine issue of material fact concerning the involuntariness of the manner in which he lost his shareholder status.

The inside defendants established by proper summary judgment proof that Contran properly notified Lewis of the split, that all Contran stockholders, including Lewis, had an opportunity to preserve their stockholder status in Contran, and that Lewis failed to purchase the requisite additional fractional share interests within the prescribed time period. The Court finds that the inside defendants properly objected to much of Lewis' response to the inside defendants' motion for summary judgment at the hearing on July 29, 1980, that the Court should strike and should disregard many portions of Lewis' two responsive affidavits and of the responsive affidavit of Lewis' counsel, Abraham Markowitz ("Markowitz"),[6] and that the only specific facts

---

5. The Court concurs with the inside defendants' argument that Lewis' proposed second amended complaint is a supplemental complaint because it sets forth transactions, occurrences, or events that have taken place since the filing of the original complaint. See Coleman v. Taub, 487 F.Supp. 118 (D. Del. 1980). However, "[i]nasmuch as the discretion exercised by the court in deciding whether to grant leave to amend is similar to that exercised on a motion for leave to file a supplemental pleading, the court's inattention [or attention] to the formal distinction between amendment and supplementation is of no consequence." 6 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1504 at 541 (1971).

6. From Lewis' affidavit in opposition to motion to dismiss (filed May 28, 1980), the Court should strike the following portions as inadmissible:

For had I received any such documents it is obvious that I would have taken the necessary steps to remain a stockholder or, even if I had forgotten about the pendency of this action, I would have turned in my fractional shares for cash. In addition, I would certainly have consulted my counsel in this action and shown him any documents received by me.

. . . . .

I contend that the movants herein conceived the idea of keeping me uninformed of anything that was happening in Contran and that they intentionally avoided sending me the information relative to the 1 for 30 reverse split thereby setting the stage for this motion to dismiss.

The affidavit by Mr. Markowitz submitted simultaneously herewith points up movants [sic] tactics and their imposition and fraud

upon the Court and my counsel as well as upon me.

I respectfully urge this Court as a Court of equity to hold that I continue as a shareholder and that Contran be required to issue me 1 share of stock upon forwarding my old certificate and a check of $1,000.

Moreover, if this action is dismissed, the remaining minority shareholders will be without a representative to continue the action and the defendant directors and Flight Proficiency will have avoided possible liability for substantial damages against them.

Wherefore, it is respectfully requested that the motion to dismiss be denied.

Lewis' Affidavit (filed May 28, 1980) at 2 3. The Court further finds that it should strike the following portions of Markowitz's affidavit in opposition to motion to dismiss (filed May 28, 1980):

The affidavit of the plaintiff submitted herewith clearly establishes that eliminating the plaintiff as a stockholder of Contran was the result of a carefully and well orchestrated plan by movants to avoid potential liability on their part for the wrong alleged in the amended complaint running into the millions.

This well orchestrated plan is supported by defendants' conduct during the chronology of proceedings in this action commencing in October, 1979, at precisely the time when the defendant directors and Flight Proficiency devised the plan for "going private" and squeezing out the minority shareholders.

Movants by their conduct perpetrated a fraud upon the Court and plaintiff and his counsel by intentionally covering up for almost three months the 1 for 30 reverse split, notice of which went out to stockholders on November 29, 1979, and was completed by January 18, 1980, and the claimed failure by plaintiff to "round up" which became the basis for this motion.

.    .    .    .    .

.   .   . This application was made despite Contran's knowledge of plaintiff's non stock ownership. This conduct in this respect is particularly reprehensible. For had they made their motion to dismiss for lack of standing immediately after January 18, 1980, and had it been granted, they could not make an application for expenses, including counsel fees, since under Texas law Texas Business Corporation Act (1973) [sic] the Court could only award such expenses if it found that the suit was brought without reasonable cause.

.    .    .    .    .

It is respectfully submitted that this Court as a Court of equity can fashion relief for the plaintiff herein and hold that plaintiff continues as an equitable stockholder by virtue of his non receipt of the documents referred to above and from the obvious intentional conduct of defendants which leads to the inescapable conclusion that the documents were not sent to plaintiff.

In any event plaintiff has filed simultaneously herewith a motion for leave to file a Second Amended Complaint which adds two class action counts wherein the relief sought is rescission of the 1 for 30 reverse split which relief if granted would place plaintiff in *status quo ante* as a stockholder with standing to prosecute Count I of the new complaint which realleges the claims in the present Amended Complaint.

Plaintiff respectfully requests that in the event the Court denies leave to file the new complaint and dismisses for lack of standing that dismissal be without prejudice to an application by plaintiff and his counsel for an allowance of expenses including counsel fees on the ground that defendants acted fraudulently and in bad faith in failing to make application to dismiss at the earliest possible time.

Wherefore, I respectfully request that the motion to dismiss be denied.

Markowitz's Affidavit (filed May 28, 1980) at 1 5.

Finally, the Court finds that it should strike the following portions of Lewis' supplemental affidavit in opposition to dismiss [sic] for lack of standing:

.   .   . Obviously, unless zip code number 10008 was included on mail to me, it would never reach me . . . . [S]uch mail must have been addressed with a zip code number.

.   .   . Granger & Company requests transfers of securities to their clients giving addresses with zip code numbers. Annexed hereto is a letter from Granger & Company indicating their practice in that respect.

.   .   . with knowledge of the implications attendant upon my nonreceipt of the documents advising me of the reverse split

.   .   . .

The conduct of the defendants should not be countenanced and follows the same pattern they have utilized in other respects in this litigation to avoid the day of reckoning at all costs.

It is respectfully requested that the motion to dismiss be denied. Lewis' Supplemental Affidavit (filed July 21, 1980) at 1 2.

"Because opinion testimony always is subject to evaluation by the fact finder, it generally has been held not an appropriate basis for summary judgment [affidavits] . . . . Ultimate or conclusory facts and conclusions of law, as well as statements made on belief . . . cannot be utilized on a summary judgment motion." 10 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2738 at 690–96 (1973). Moreover, "[a]ttorneys' affidavits are governed by the same rules as apply to the admissibility of other affidavits under Rule 56.

contained in Lewis' response fail to raise a genuine issue for trial.[7] The Court's rejection of Lewis' "contingent standing" argument necessarily implies a repudiation of Lewis' contention that Contran owed him a duty to notify either him or his counsel of the split when its mailings to Lewis returned unopened. The Court is of the opinion that, as a matter of Delaware law, a corporation is entitled to rely on the addresses contained on its stockholder list. The Court's implication of a special or an extraordinary duty to notify derivative plaintiffs is unsupported by current case authority and would only lead to even more difficult questions concerning the sufficiency of notice about proposed corporate transactions.

 In light of the Court's holding that Lewis' stockholder status was not involuntarily destroyed, the Court is of the opinion that Lewis' motion for leave to file a second amended complaint should be denied. The Court expresses no opinion on the merits of the claims contained in Lewis' first amended complaint, on the merits of the claims contained in Lewis' proposed second amended complaint, or on Lewis' adequacy as a class representative. The Court simply holds that the inside defendants' motion for summary judgment should be granted because Lewis now lacks standing to maintain the derivative claims contained in his first amended complaint. On or before September 2, 1980, defendant Contran should submit to the Court and serve on the inside defendants and Lewis an appropriate form of notice to send to the remaining Contran stockholders who would be proper parties to raise the claims contained in Lewis' first amended complaint. The inside defendants and Lewis should file any written objections to Contran's proposed notice on or before September 12, 1980.

It is so ORDERED.

---

Thus, an attorney's affidavit is admissible only to prove facts that are within his personal knowledge and as to which he is competent to testify; an affidavit stating what the attorney believes or intends to prove at trial will be disregarded." *Id.* at 699.

Furthermore, the Court should disregard the letter from Granger & Company which Lewis attached to his supplemental affidavit because it is neither sworn nor certified. Even if the Court considered the letter appropriate summary judgment proof, the Court does not find that the letter sets forth specific facts which raise a genuine issue of material fact for trial. For example, the letter does not indicate that Granger & Company has any knowledge of Lewis' zip code or that it ever supplied Contran with Lewis' zip code.

7. Moreover, Lewis has neither averred that he cannot "present by affidavit facts essential to justify his opposition" nor properly moved for a continuance in order to produce additional affidavits or discovery materials. Fed.R.Civ.P. 56(f); *see also,* Fed.R.Civ.P. 56(e).