■ GEORGE PETROU, Individually and as a Shareholder of KARL EHMER INTERNATIONAL FOODS, INC., Respondent, v KARL EHMER INTERNATIONAL FOODS, INC., et al., Defendants, and JEROME E. GOLDMAN, Appellant.—In a shareholder's derivative action to recover damages for fraud and conversion, the defendant Jerome E. Goldman appeals from an order of the Supreme Court, Queens County (Graci, J.), dated December 15, 1988, which, in effect, denied in all respects his motion to dismiss the complaint insofar as it is asserted against him pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with costs.

On September 15, 1981, the plaintiff's brother assigned 20,000 shares of stock in Karl Ehmer International Foods, Ltd., a Delaware corporation, to the plaintiff. It is undisputed that the assignment was not recorded on the corporate books.

In July 1988 the plaintiff commenced a shareholder's derivative action alleging that, between May 1981 and December 1982, the defendants conspired and willfully embarked upon a plan designed to defraud and deceive the corporation and its shareholders, and wrongfully deprived it of its assets, thereby causing its insolvency. The complaint further alleged that, from May 1, 1981 through August 24, 1982, the defendants wrongfully converted to their own use substantial sums of money believed to be in excess of $121,000, and concealed their wrongful acts until May 1988.

The defendant Goldman moved to dismiss the complaint

insofar as it is asserted against him as time barred and for failure to state a cause of action, alleging that he, Goldman, was never a director of the subject corporation. The defendant Goldman subsequently added a third basis for dismissal, namely, that the plaintiff lacked standing to commence the derivative action inasmuch as he was not a shareholder of record of the corporation at the time of the alleged wrongful acts.

Under Delaware law, an equitable owner of shares in a corporation is considered to have shareholder status within the meaning of 8 Delaware Code Annotated § 327 *(see, Harff v Kerkorian,* 324 A2d 215, 216, *mod on other grounds* 347 A2d 133 [Del]).

When a plaintiff asserts causes of action sounding in both fraud and conversion, the longer Statute of Limitations period for fraud *(see,* CPLR 213 [8]) will apply, provided that the complaint sets forth at least a semblance of the elements of fraud at that stage *(see, Central Trust Co. v Goldman,* 70 AD2d 767). The two-year discovery rule *(see,* CPLR 213 [8]; 203 [f]) may apply, provided that the plaintiff uses diligent efforts to uncover the fraud. Inasmuch as there was no evidence that the plaintiff was guilty of a lack of due diligence, dismissal of the complaint was properly denied *(see, Erbe v Lincoln Rochester Trust Co.,* 3 NY2d 321).

Moreover, the record presents an issue of fact as to Goldman's status as a director of the corporation. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.