■ P.A.C.W.S., LTD., et al., Appellants, v STEPHEN REINEKE et al., Respondents.—In an action pursuant to RPAPL article 15 and Real Property Law § 320 for a judgment declaring that certain deeds given by the plaintiffs to defendant Stephen Reineke are mortgages and that the plaintiffs are the owners in fee simple of certain real estate described in those deeds, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Benson, J.), dated September 11, 1989, which granted the motions of the defendants Stephen Reineke and Dutchess Country Squire, Ltd., to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the motion of the defendant Stephen Reineke, and substituting therefor a provision denying that motion, reinstating the complaint insofar as it is asserted against the defendant Stephen Reineke, and severing the action against Dutchess Country Squire, Ltd.; as so modified the order is affirmed, without costs or disbursements.

In February 1981 the plaintiffs delivered the deeds to four parcels of real estate to the defendant Stephen Reineke. Reineke then recorded these deeds in the office of the Dutchess County Clerk. Although the deeds were absolute conveyances, the plaintiffs have alleged that they were intended to be security for a loan. When the plaintiffs failed to timely repay the loan, Reineke sold two of the parcels of property.

In May 1986 the plaintiffs and Mill Street Realty, Inc. (hereinafter Mill Street), brought an action (hereinafter the Mill Street action) against Reineke seeking to set aside the conveyances to him because the terms of the alleged loan were usurious, and filed a notice of pendency against all four of the parcels. By order entered April 25, 1988, the complaint in that action was dismissed because the one-year Statute of Limitations on usurious transactions had expired.

Thereafter, by agreement dated August 10, 1986, Reineke agreed to sell a third parcel to the defendant Dutchess Country Squire, Ltd. (hereinafter Country Squire). By order entered August 26, 1986, the court (Benson, J.), granted Reineke's motion to cancel the notice of pendency filed against the

properties in the Mill Street action. The plaintiffs failed to obtain a stay of the order canceling the notice of pendency, and title to the third parcel passed sometime after the notice of pendency was canceled.

While the appeal from the order dismissing the plaintiffs' complaint in the Mill Street action was pending, the present action was commenced. In the order appealed from, the court granted the motions of defendants Reineke and Country Squire to dismiss the plaintiffs' complaint on the ground that title passed to Country Squire after the notice of pendency had been canceled. Thereafter, the order dismissing the complaint in the Mill Street action was affirmed by this court (*Mill St. Realty v Reineke,* 159 AD2d 494).

Because the plaintiffs failed to obtain a stay of the order canceling the notice of pendency in the Mill Street action, Country Squire must be deemed a bona fide purchaser for value (see, *Da Silva v Musso,* 76 NY2d 436). Therefore, the order insofar as it dismissed the plaintiffs' complaint against Country Squire is affirmed.

By alleging that the deeds to Reineke were intended to be mortgages rather than absolute conveyances (see, Real Property Law § 320), the plaintiffs' complaint sufficiently set forth a cause of action seeking a judgment determining ownership of the property deeded to Reineke (see, RPAPL 1501). The Statute of Limitations governing such a cause of action is 10 years (see, CPLR 212 [a]; *Downes v Peluso,* 115 AD2d 454). Further, the court improvidently exercised its discretion in dismissing the plaintiffs' complaint because the appeal in the action brought by the plaintiffs and Mill Street was still pending. Because the nature of the relief sought by the plaintiffs is equitable, and the plaintiffs allegedly will suffer a forfeiture if Reineke is allowed to sell the remaining parcel, we find that the plaintiffs' complaint should be reinstated against Reineke. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.