■ MALCO REALTY CORP., Appellant, v WESTCHESTER CONDOS, LLC, Defendant, and NEW YORK CITY ACQUISITION FUND LLC et al., Respondents. [982 NYS2d 64]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.),

entered November 23, 2011, which granted the motion of defendant Westchester Condos (WC) to dismiss the complaint and cancel the notice of pendency, unanimously modified, on the law, to the extent of denying WC's motion to dismiss the amended complaint's first cause of action for breach of contract, and otherwise affirmed, without costs. Judgment, same court and Justice, entered April 3, 2012, dismissing the amended complaint with prejudice as against defendants New York City Acquisition Fund LLC (the Fund) and JP Morgan Chase Bank, N.A. (Chase) (together the Fund), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 29, 2012, which granted the Fund's motion to dismiss the amended complaint, unanimously dismissed, without costs, as subsumed in the appeal from the April 3, 2012 judgment. Order, same court and Justice, entered October 16, 2012, which, to the extent appealable, denied plaintiff's motion for renewal of the November 2011 order, unanimously affirmed, without costs. Appeal from so much of the October 16, 2012 order as denied plaintiff's motion for reargument of the November 2011 order, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiff and WC entered into a real estate transaction which, publicly, centered around a written contract of sale of a property at 2044 Westchester Avenue, in the Bronx (the property), for a stated purchase price of $6 million, dated as of December 4, 2007. The December 2007 contract was signed by plaintiff's principal Isaac Gansburg (Isaac) and by Nediva Schwarz on behalf of WC. In the first cause of action of its amended complaint, plaintiff seeks to recover an alleged unpaid balance of $2.9 million on the purchase price.

The motion court found that documentary evidence established that the December 2007 contract was a sham document, and that the sales transaction was actually governed by a two-page handwritten agreement, dated January 8, 2008, which set the full purchase price at only $3.1 million. The January 2008 agreement, however, was signed only by Schwarz, on behalf of her partner, as purchaser, and by Joseph Gansburg, Isaac's son and plaintiff's president, as seller.

In our view Joseph's signature on the January 2008 agreement cannot be said to have bound plaintiff, a corporate entity, because plaintiff is mentioned nowhere in that simple document. Accordingly, WC has failed to conclusively establish that plaintiff is bound by the January 2008 agreement, rather than by the December 2007 agreement which was actually recorded in connection with the transaction (*see Zanett Lombardier, Ltd.*

*v Maslow*, 29 AD3d 495, 495 [1st Dept 2006]). Hence, WC's motion to dismiss plaintiff's contractual claim, premised on documentary evidence in the form of the January 2008 agreement, should be denied.

The motion court nonetheless properly dismissed the amended complaint's second and third causes of action seeking, in effect, imposition of a vendor's lien against the property. On November 25, 2011, WC conveyed the property to a third-party bona fide purchaser for value. At the time of this conveyance, there was no notice of pendency in effect, as plaintiff did not seek a stay of the November 2011 order cancelling the notice of pendency. It is well-settled that, when a "complaint involving title to or the right to possess and enjoy real property has been dismissed on the merits and there is no outstanding notice of pendency or stay, the property owner has a right to transfer or otherwise dispose of the property unrestricted by the dismissed claim" (*Da Silva v Musso*, 76 NY2d 436, 440 [1990]). This is so even where the "purchaser who has acquired the property for value during the pendency of a claimant's appeal" has "actual knowledge of the appeal" (*id.* at 442; *see Sakow v 633 Seafood Rest.*, 1 AD3d 298, 299 [1st Dept 2003]).

These principles dispose of the issue of plaintiff's notice of pendency and vendor's lien. Indeed, a vendor's lien is not "enforceable against a bona fide purchaser" (*Village of Philadelphia v FortisUS Energy Corp.*, 48 AD3d 1193, 1195 [4th Dept 2008]; *see Hopper v Hopper*, 103 AD2d 911, 913 [3d Dept 1984]).

Plaintiff contends that WC's conveyance to 2035 Newbold was a "sham transfer" to an "affiliated entity with the same control group and for no valuable consideration." This contention lacks merit. The November 2011 conveyance was recorded to have been effected for $3,185,000, and the record indicates that significant transfer taxes, totalling over $96,000, were paid. Nor is there any record evidence that the November 2011 vendee is controlled by WC. In any event, because plaintiff "failed to obtain a stay of the order canceling the notice of pendency," the November 2011 vendee should be "deemed a bona fide purchaser for value" (*P.A.C.W.S., Ltd. v Reineke*, 175 AD2d 154, 155 [2d Dept 1991]). Moreover, to the extent that plaintiff wished to challenge the November 2011 conveyance, it was incumbent on it to add the vendee as a defendant to this action or otherwise obtain jurisdiction over that third party.

Plaintiff's appeal from the October 2012 order, insofar as it denied reargument, should be dismissed as taken from a nonappealable order (*see D'Andrea v Hutchins*, 69 AD3d 541, 542 [1st Dept 2010]; *Parker v Marglin*, 56 AD3d 374, 374-375 [1st Dept

2008]). To the extent that plaintiff genuinely sought and was denied renewal, it is well-settled that the "subsequent retention of an expert is not proper grounds for renewal" (*Sullivan v Harnisch*, 100 AD3d 513, 514 [1st Dept 2012]). This is all the more so where, as here, plaintiff offered no reasonable excuse for its failure to submit its expert affidavit in opposition to WC's dismissal motion.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe and Moskowitz, JJ.