■ MIAN KARAMAT ULLAH BUTT, Respondent, v MOHAMMAD ASLAM MALIK et al., Appellants. [980 NYS2d 516]—

In an action, inter alia, for a judgment declaring that a certain deed is void and that the plaintiff is the sole owner of certain real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated January 30, 2013, as, in effect, granted those branches of the plaintiff's motion which were for summary judgment declaring that the subject deed is void and that the plaintiff is the sole owner of the subject property, and pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the counterclaim to impose a constructive trust on the subject property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and Aziz Begum Butt (hereinafter Aziz) purchased certain property in January 1996 "as husband and wife." In September 2008, Aziz transferred her interest in the subject property to her brother, the defendant Mohammad Aslam Malik (hereinafter Mohammad). Aziz died on October 29, 2010. In December 2011, the plaintiff commenced this action, seeking, inter alia, a declaration that the deed to Mohammad is void and that the plaintiff is the sole owner of the subject property. In an order dated January 30, 2013, the Supreme Court, inter alia, in effect, granted those branches of the plaintiff's motion which were for summary judgment declaring that the deed to Mohammad is void and the plaintiff is the sole owner of the subject property, and pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, a counterclaim to impose a constructive trust on the subject property. The court determined, inter alia, that Aziz did not have the authority to transfer the subject property without the consent of the plaintiff.

"[W]here a tenancy by the entirety is created, 'there is nothing in New York law that prevents one of the co-owners from mortgaging or making an effective conveyance of his or her own interest in the tenancy . . . subject to the continuing rights of

the other' " (*Deutsche Bank Natl. Trust Co. v Feliciano*, 105 AD3d 889, 890 [2013], quoting *V.R.W., Inc. v Klein*, 68 NY2d 560, 565 [1986]; *see Rose v Levine*, 107 AD3d 967, 970 [2013]). " '[T]he interest acquired by a grantee or mortgagee of such a unilateral conveyance is not denominated a tenancy by the entirety, but rather is labeled a tenancy in common'; however, 'the grantee's or mortgagee's rights in the property are essentially the same as those possessed by the grantor or mortgagor: a right to shared possession and ownership subject to the original cotenants' reciprocal rights of survivorship' " (*Deutsche Bank Natl. Trust Co. v Feliciano*, 105 AD3d at 890, quoting *V.R.W., Inc. v Klein*, 68 NY2d at 565).

Here, we agree with the Supreme Court's determination, in effect, granting that branch of the plaintiff's motion which was for summary judgment declaring that the plaintiff is the sole owner of the subject property, albeit on different grounds. Contrary to the Supreme Court's conclusion, Aziz was permitted to convey her interest in the subject property, held by the entirety, to Mohammad via the deed to Mohammad, subject to the continuing rights of the plaintiff (*see V.R.W., Inc. v Klein*, 68 NY2d at 565). As a result of that conveyance, Mohammad became a tenant in common with the plaintiff insofar as the rights to possession and to share in rents and profits are concerned (*see Son Fong Lum v Antonelli*, 102 AD2d 258, 262 [1984], *affd* 64 NY2d 1158 [1985]). However, the plaintiff demonstrated, prima facie, that upon the death of Aziz, he became the sole owner of the subject property by right of survivorship (*see V.R.W., Inc. v Klein*, 68 NY2d at 565; *Lawriw v City of Rochester*, 14 AD2d 13, 15 [1961], *affd* 11 NY2d 759 [1962]). In opposition, the defendants failed to raise a triable issue of fact.

The Supreme Court also properly, in effect, granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the counterclaim to impose a constructive trust. The plaintiff established, prima facie, that this counterclaim was time-barred by showing that the applicable six-year statute of limitations began to run on January 11, 1996, the date of the allegedly wrongful transfer of the subject property, and that this action was not commenced until December 2011. Since the cause of action constituting the counterclaim to impose a constructive trust was time-barred as of the date the claims asserted in the complaint were interposed, this counterclaim is time-barred (*see* CPLR 203 [d]; *Auffermann v Distl*, 56 AD3d 502, 502-503 [2008]). In opposition, the defendants failed to raise a question of fact as to the applicability of an exception to the statute of limitations, or as to whether

the statute of limitations was tolled or the counterclaim was interposed within the applicable limitations period (*see Benjamin v Keyspan Corp.*, 104 AD3d 891, 892 [2013]).

The defendants' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.