■ Anthony Loeuis, Respondent, v Denise Grushin et al., Appellants. [5 NYS3d 283]—

In an action, inter alia, to quiet title pursuant RPAPL article 15, to declare two deeds and a mortgage null and void, to recover damages for fraud, breach of fiduciary duty, conversion, money had and received, and unjust enrichment, and to impose a constructive trust, the defendants appeal from an order of the Supreme Court, Kings County (Bayne, J.), entered January 23, 2014, which denied their motion pursuant to CPLR 3211 (a) to dismiss the amended complaint, and granted the plaintiff's cross motion to preliminarily enjoin them from transferring, conveying, mortgaging, or otherwise encumbering the subject property.

Ordered that the order is affirmed, with costs.

In his amended complaint, the plaintiff alleges that on May 29, 1992, he and his sister, the defendant Denise Grushin, acquired title to the subject real property where the plaintiff resided using only the plaintiff's funds. According to the plaintiff, in 2003, he needed money for medical expenses and decided to refinance the mortgage on the subject property to acquire those funds. The defendant Denise Grushin suggested that her husband, the defendant Corey Grushin, handle the transaction, because he was a "real estate professional." The plaintiff alleges that when he executed the mortgage documents refinancing the property, he was not represented by counsel, and the "defendants slipped a quitclaim deed into the stack of numerous papers which defendants asked plaintiff to sign in connection with the 2003 Refinance Transaction." Although that deed, dated May 12, 2003, placed the property in the sole name of the defendant Denise Grushin, the plaintiff alleges that his intent was not to convey the property, but rather, to refinance the mortgage.

By deed dated July 18, 2006, Denise Grushin conveyed the property to herself and her husband, and placed an additional mortgage on the property for $700,000. The plaintiff alleges that the defendants retained the mortgage proceeds for themselves. The plaintiff also alleges that he did not learn that he had transferred his interest in the subject property to his sister, and did not learn of the subsequent transactions, until 2010, when he received a notice of default in payments of the

$700,000 mortgage, which notice was mailed to his residence at the subject property. The plaintiff commenced the instant action on July 1, 2010. His amended verified complaint asserted causes of action to quiet title pursuant to RPAPL article 15, for a judgment declaring that the 2003 quitclaim deed, the 2006 deed, and the 2006 mortgage were null and void, a declaration that he owned the subject property, to recover damages for fraud, breach of fiduciary duty, conversion, money had and received, and unjust enrichment, and to impose a constructive trust on the property.

The defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a), arguing, inter alia, that the action was time-barred. In support of the motion, the defendant Denise Grushin submitted an affidavit stating that the plaintiff executed the quitclaim deed to avoid foreclosure by a third-party mortgage creditor, and, thereafter, continued to collect $400,000 in rents from the premises, which he kept. The plaintiff opposed the motion based, inter alia, upon his affidavit, and cross-moved to preliminarily enjoin the defendants from transferring, conveying, mortgaging, or otherwise encumbering the subject property. The order appealed from denied the motion and granted the cross motion.

On appeal, the defendants' primary contention is that the causes of action accrued on May 12, 2003, when the quitclaim deed was executed, and therefore, the commencement of the action on July 1, 2010, over seven years later, was untimely. "On a motion to dismiss pursuant to CPLR 3211, the court must take the allegations in the complaint as true and resolve all reasonable inferences in favor of the pleader. A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of demonstrating, prima facie, that the time in which to commence the action has expired" (*6D Farm Corp. v Carr*, 63 AD3d 903, 905-906 [2009] [citation omitted]). The defendants failed to meet that burden.

The plaintiff alleged both actual and constructive fraud. The elements of a cause of action sounding in actual fraud are that the defendant knowingly misrepresented or concealed a material fact for the purpose of inducing another party to rely upon it, and the other party justifiably relied upon such misrepresentation or concealment resulting in injury (*see Levin v Kitsis*, 82 AD3d 1051, 1054 [2011], citing *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [2011]). The statute of limitations for actual fraud is six years from the commission of the fraud or two years from the time the plaintiff discovered, or could

with reasonable diligence have discovered, the fraud, whichever is later. Here, the second and third causes of action are not time-barred insofar as they allege actual fraud, since the action was commenced almost immediately after the plaintiff allegedly discovered the fraud in 2010.

The second and third causes of action also allege a constructive fraud based on a breach of a fiduciary duty. The defendants, who are the plaintiff's family members, had a fiduciary relationship with him (*see Loevner v Loevner*, 81 AD3d 791 [2011]; *Braddock v Braddock*, 60 AD3d 84, 88 [2009]). The statute of limitations for a cause of action alleging a breach of fiduciary duty does not begin to run until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated (*see Incorporated Vil. of Muttontown v Ryba*, 121 AD3d 757, 759 [2014]; *Westchester Religious Inst. v Kamerman*, 262 AD2d 131, 131 [1999]). The defendants' repudiation of their fiduciary obligation occurred, at the earliest, in 2006, when Denise Grushin conveyed the property to herself and her husband, and they mortgaged the property for $700,000 and took those proceeds. Further, the plaintiff did not suffer damages until 2006, when the defendants encumbered the property with a $700,000 mortgage without his consent (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 140 [2009]).

The statute of limitations for a cause of action sounding in breach of fiduciary duty is dependent on the relief sought. The Court of Appeals ruled in *IDT Corp. v Morgan Stanley Dean Witter & Co.* (12 NY3d at 139): "New York law does not provide a single statute of limitations for breach of fiduciary duty claims. Rather, the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks. Where the remedy sought is purely monetary in nature, courts construe the suit as alleging 'injury to property' within the meaning of CPLR 214 (4), which has a three-year limitations period. Where, however, the relief sought is equitable in nature, the six-year limitations period of CPLR 213 (1) applies. Moreover, where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213 (8)" (citations omitted). Since the plaintiff's right to the subject property is in issue, awarding damages would not be adequate. Therefore, the six-year statute of limitations for causes of action sounding in equity should be applied (*see Loengard v Santa Fe Indus.*, 70 NY2d 262, 267 [1987]). Since the second and third causes of action accrued in 2006, when the defendants allegedly acted contrary to their fi-

duciary obligations, to the plaintiff's detriment, those causes of action, interposed four years later in 2010, are not time-barred.

The first cause of action, to quiet title pursuant to RPAPL article 15, is not time-barred, since the plaintiff was seized or possessed of the premises within 10 years before the commencement of the action and is in essence seeking a determination that the quitclaim deed which he executed in 2003 was part of a mortgage transaction, and not a conveyance of title (*see* CPLR 212 [a]; Real Property Law § 320; *P.A.C.W.S., Ltd. v Reineke*, 175 AD2d 154 [1991]).

The fourth cause of action, alleging conversion based upon fraud, is not time-barred, since it is governed by the statute of limitations set forth in CPLR 213 (8) (*see Ingrami v Rovner*, 45 AD3d 806, 808 [2007], citing *Petrou v Ehmer Intl. Foods*, 167 AD2d 338, 339 [1990]).

The fifth cause of action, seeking damages for money had and received (*see Lebovits v Bassman*, 120 AD3d 1198, 1199 [2014]), is equitable in nature and, therefore, the applicable statute of limitations is six years (*see North Salem Cent. School Dist. v Mahopac Cent. School Dist.*, 1 AD3d 418, 419 [2003]). Since the defendants' receipt of money occurred in 2006, and the action was commenced in 2010, the cause of action is not time-barred. Similarly, the sixth cause of action, sounding in unjust enrichment, is equitable in nature, and is not time-barred (*see Matter of Equitable Life Assur. Socy. of U.S. v Branch*, 32 AD2d 959 [1969]).

The seventh cause of action alleging a constructive trust is equitable in nature and governed by a six-year statute of limitations (*see Butt v Malik*, 114 AD3d 716, 717 [2014]). The elements of a cause of action to impose a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). The cause of action accrued on the date of the "wrongful transfer" of the subject property (*Butt v Malik*, 114 AD3d at 717). A determination of when the cause of action accrued depends upon whether the constructive trustee acquired the property wrongfully—in which case the cause of action accrued on the date of acquisition—or whether the constructive trustee wrongfully withheld property acquired lawfully from the beneficiary—in which case the cause of action accrued when the trustee breached or repudiated the agreement to transfer the property (*see Auffermann v Distl*, 56 AD3d 502, 502 [2008]). The allegations in the instant case indicate that the transfer of the property in 2003 from the joint names of the plaintiff and Denise Grushin

to the sole name of Denise Grushin was made in reliance upon the parties' fiduciary relationship to facilitate a mortgage transaction, rather than as a conveyance of title (see Real Property Law § 320; *P.A.C.W.S., Ltd. v Reineke*, 175 AD2d 154 [1991]). The allegedly wrongful transfer harming the plaintiff occurred in 2006, when Denise Grushin transferred the property to herself and her husband, and acting together, they encumbered the entire property—including the plaintiff's one-half equitable interest. Since the action was commenced in 2010, the cause of action to impose a constructive trust is not time-barred.

The defendants' remaining contentions are without merit. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.