D. Penguin Bros. Ltd. v City Natl. Bank (2018 NY Slip Op 00633)





D. Penguin Bros. Ltd. v City Natl. Bank


2018 NY Slip Op 00633


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Sweeny, J.P., Manzanet-Daniels, Webber, Kahn, Moulton, JJ.


5604 153494/15

[*1]D. Penguin Brothers Ltd., et al., Plaintiffs-Appellants,
v
City National Bank, Defendant-Respondent, NBUF Development, Ltd., et al., Defendants.


Gordon & Haffner, LLP, Harrison (David Gordon of counsel), for appellants.
Reed Smith LLP, New York (John B. Webb of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 29, 2016, which granted defendant City National Bank's (CNB) motion to dismiss the complaint as against it pursuant to CPLR 3211(a)(7), unanimously modified, on the law, to make the dismissal without prejudice, and otherwise affirmed, without costs.
The complaint alleges that "each of the Defendants conspired and participated in the commission of some or all of the frauds and Thefts, and other breaches of legal duties, . . . and each, at a minimum, aided and abetted in their commission." These conclusory allegations fail to plead conspiracy against CNB, i.e., to connect CNB's actions with the otherwise actionable torts (fraud and conversion) allegedly committed by defendants James Robert Williams and David Spiegelman (see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968 [1986]). Similarly, the present allegations fail to state a cause of action for aiding and abetting fraud (see Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]). Without conspiracy or aiding and abetting, plaintiffs have no fraud claims against CNB, as opposed to Williams and Spiegelman (see National Westminster Bank v Weksel, 124 AD2d 144, 147 [1st Dept 1987], lv denied 70 NY2d 604 [1987]). The complaint also fails to state a cause of action against CNB for conversion (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]).
However, plaintiffs may be able to cure the defects in the complaint with respect to CNB. Accordingly, the question is whether the fraud and conversion claims are time-barred.
Because the complaint asserts causes of action for fraud and conversion, the longer statute of limitations for fraud applies (Petrou v Ehmer Intl. Foods, 167 AD2d 338 [2d Dept 1990]). The limitations period for fraud is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213[8]). The complaint alleges that plaintiff Avraham Glattman was induced to provide $1.5 million on or about July 31, 2008. Plaintiffs commenced actions in federal court in January 2013, less than six years later. Hence, the fraud claim is timely at least as to the $1.5 million.
As for the money that plaintiffs provided in 2005, the complaint alleges that they discovered the thefts on or after February 3, 2011. CNB contends that plaintiffs should have discovered the fraud in the spring of 2008, but we are not persuaded (see Sargiss v Magarelli, 12 NY3d 527, 532 [2009]; K & E Trading & Shipping v Radmar Trading Corp., 174 AD2d 346, 348 [1st Dept 1991]). Given Williams's and Spiegelman's alleged pattern of forging documents, it is unclear whether plaintiffs would have discovered the fraud even if they had made inquiry in 2008.
In light of our finding that plaintiffs' claims are not time-barred, we need not reach their arguments about equitable estoppel and continuous representation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK