Monteleone v Monteleone (2018 NY Slip Op 04317)





Monteleone v Monteleone


2018 NY Slip Op 04317


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-04533
2016-04534
 (Index No. 62581/14)

[*1]Gianni Monteleone, respondent, 
v
Marie Monteleone, appellant.


Mario DeMarco, P.C., Port Chester, NY, for appellant.
Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Kyle C. Van De Water of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the defendant appeals from an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated March 29, 2016, and an interlocutory judgment of the same court dated April 15, 2016. The order granted the plaintiff's motion for summary judgment on the issue of liability. The interlocutory judgment, upon the order, is in favor of the plaintiff and against the defendant on the issue of liability and dismissed the defendant's affirmative defenses.
ORDERED that the appeal from the order is dismissed, as the order was superseded by the interlocutory judgment; and it is further,
ORDERED that the interlocutory judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff was born in 1978 with severe physical birth defects. In 1998, an action concerning his birth defects resulted in him becoming the beneficiary of a structured settlement consisting of a series of monthly and periodic lump-sum payments that were to begin in 1998 and continue for the rest of his life. On June 13, 2013, the plaintiff commenced this action against his mother, seeking, inter alia, to recover damages for conversion and breach of fiduciary duty and for an accounting. The plaintiff alleged that the defendant was the custodian of the structured settlement payments during the period of time that he was a minor, she failed to provide him with information about the structured settlement, deliberately withheld the structured settlement payments from him, and she used all or some of the structured settlement payments for her own personal expenses. Further, the plaintiff alleged that the defendant interfered and continued to interfere with the structured settlement payments being paid directly to him after he reached the age of majority.
In an order dated March 29, 2016, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. On April 15, 2016, the court issued an interlocutory judgment upon the order, which was in favor of the plaintiff and against the defendant on the issue of liability and dismissed the defendant's affirmative defenses, which included the statute of [*2]limitations.
On this appeal, the defendant contends that in opposition to the plaintiff's prima facie showing, she established that the causes of action related to the structured settlement payments she received on the plaintiff's behalf prior to June 13, 2010, are barred by the three-year statute of limitations applicable to causes of action alleging conversion and breach of fiduciary duty that seek only monetary damages. She further contends, therefore, that she should not be held to account for the structured settlement payments that she received before June 13, 2010.
Contrary to the defendant's contentions, since the cause of action for conversion is based upon fraud, it is governed by the statute of limitations period for fraud set forth in CPLR 213(8) (see Loeuis v Grushin, 126 AD3d 761, 765; Ingrami v Rovner, 45 AD3d 806, 808; Petrou v Ehmer Intl. Foods, 167 AD2d 338, 339). The limitations period for fraud under CPLR 213(8) also applies to the breach of fiduciary duty causes of action inasmuch as the allegations of fraud are essential to those claims (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139; Kaufman v Cohen, 307 AD2d 113, 119).
Pursuant to CPLR 213(8), "the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." "A cause of action based upon fraud accrues, for statute of limitations purposes, at the time the plaintiff possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence'" (Coleman v Wells Fargo & Co., 125 AD3d 716, 716, quoting Town of Poughkeepsie v Espie, 41 AD3d 701, 705; see Oggioni v Oggioni, 46 AD3d 646, 648).
Here, the plaintiff established that he could not, with reasonable diligence, have discovered the fraud until 2013, when he learned for the first time that he was the beneficiary of a structured settlement from which he was entitled to receive millions of dollars in monthly and periodic lump-sum payments. The plaintiff initiated this action within a few months of learning this information and confronting the defendant, who refused to share details about the structured settlement with him because she was purportedly bound by a confidentiality agreement not to do so. Contrary to the defendant's contention, she did not raise a triable issue of fact as to whether the plaintiff could have, with reasonable diligence, discovered the alleged misconduct earlier. Accordingly, we agree with the Supreme Court's determinations that the conversion and breach of fiduciary duty causes of action are not time-barred, and to grant the plaintiff's motion for summary judgment on the issue of liability.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court