Pacella v RSA Consultants, Inc. (2018 NY Slip Op 05853)





Pacella v RSA Consultants, Inc.


2018 NY Slip Op 05853


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-12149
2016-05398
 (Index No. 7537/14)

[*1]Nancy Pacella, et al., appellants, 
v
RSA Consultants, Inc., et al., respondents.


Drake Loeb PLLC, New Windsor, NY (Ralph L. Puglielle, Jr., of counsel), for appellants.
Keidel, Weldon & Cunningham, LLP, White Plains, NY (John J. Iacobucci, Jr., and Howard S. Kronberg of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (John P. Colangelo, J.), dated September 10, 2015, and (2) a judgment of the same court dated April 8, 2016. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. The judgment is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The underlying facts relating to the length of service award program (hereinafter the LOSAP) adopted by the Town of Newburgh Volunteer Ambulance Corps. Inc. (hereinafter TONVAC), are described in the companion appeal (see Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., _____ AD3d _____ [decided herewith]). On October 2, 2014, the plaintiffs commenced this action against two entities alleged to have been the administrator of the LOSAP. They asserted causes of action alleging breach of contract and fraud, and for an accounting, money had and received, and a declaratory judgment, relating to the cessation of their LOSAP benefits and the administrator's transfer of the remaining trust funds to TONVAC. The defendants moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. The Supreme Court granted the motion, and judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672). A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587, 588).
"The existence of a binding contract is an essential element of a cause of action to recover damages for breach of contract" (Moulton Paving, LLC v Town of Poughkeepsie, 98 AD3d 1009, 1010-1011; see Vitro S.A.B. de C.V. v Aurelius Capital Mgt., L.P., 99 AD3d 564, 564). Here, the documentary evidence conclusively established that the defendants were not parties to the LOSAP.
"The right to an accounting rests on the existence of a trust or fiduciary relationship regarding the subject matter of the controversy at issue" (Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc., 16 AD3d 403, 404; see Akkaya v Prime Time Transp., Inc., 45 AD3d 616). "To obtain an accounting, a plaintiff must show that there was some wrongdoing on the part of a defendant with respect to the fiduciary relationship" concerning property in which the plaintiff has an interest (Benedict v Whitman Breed Abbott & Morgan, 110 AD3d 935, 938; see Lawrence v Kennedy, 95 AD3d 955, 958; 1 NY Jur 2d Accounts and Accounting §§ 37, 43). While the administrator had fiduciary duties to the plaintiffs with regard to the LOSAP, pursuant to its terms, the administrator was entitled to rely on TONVAC's directions regarding termination of the LOSAP and allocation of the trust funds (see Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., _____ AD3d _____ [decided herewith]).
The cause of action seeking declaratory relief was duplicative of the breach of contract and accounting causes of action (see Village of Kiryas Joel v County of Orange, 144 AD3d 895, 898; BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am., 247 AD2d 565, 568).
To state a cause of action for money had and received, a plaintiff must allege that "(1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money" (Goel v Ramachandran, 111 AD3d 783, 790; see Lebovits v Bassman, 120 AD3d 1198, 1199). Since the complaint alleged that the defendants released the trust funds to TONVAC and were no longer in possession of those funds, it failed to state a cause of action for money had and received (see Matter of Board of Educ.of Enlarged City School Dist. of Middletown v Russo, 283 AD2d 490, 491-492). Moreover, the cause of action was time-barred insofar as it related to trust funds received by the defendants prior to October 2, 2008 (see Regional Economic Community Action Program, Inc. v Enlarged City School Dist. of Middletown, 18 NY3d 474, 479-480; Loeuis v Grushin, 126 AD3d 761, 765).
The elements of fraud are a misrepresentation or material omission of fact, knowledge of its falsity, intent to induce reliance, justifiable reliance, and damages (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; Blanco v Polanco, 116 AD3d 892, 895). Fraudulent concealment additionally requires that the alleged wrongdoer had a duty to disclose the subject information, but failed to do so (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 179; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677). Fraud must be pleaded with particularity (see CPLR 3016[b]). The statute of limitations for fraud is six years from the commission of the fraud or two years from the time the plaintiff discovered, or could with reasonable diligence have discovered, the fraud, whichever is later (see Loeuis v Grushin, 126 AD3d at 763-764).
Here, so much of the fraud cause of action as alleged that, in June 2008, the defendants falsely represented that they were under a "gag order" and could not speak with the [*2]plaintiffs regarding the termination of the LOSAP, was untimely. In any event, the defendants had no duty to disclose to the plaintiffs TONVAC's actions regarding termination of the LOSAP or its transfer of the trust funds to TONVAC. Moreover, "[a] plaintiff is expected to exercise ordinary diligence and may not claim to have reasonably relied on a defendant's representations [or silence] where he [or she] has means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation'" (Sitar v Sitar, 61 AD3d 739, 742, quoting Curran, Cooney, Penney v Young & Koomans, 183 AD2d 742, 743). Since the plaintiffs could have directed their inquiries regarding the status of the LOSAP to TONVAC, the entity responsible for termination, they failed to adequately allege reasonable reliance on the defendants' silence, or that such silence caused them any injury. Thus, the complaint failed to state a cause of action to recover damages for fraudulent misrepresentation or concealment.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion to dismiss the complaint.
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court