■ MICHAEL P. DiRAIMONDO et al., Respondents, v RORY CALHOUN et al., Appellants, et al., Defendants. [17 NYS3d 722]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants Rory Calhoun, American Virgin Enterprises, Ltd., and Sirius Development, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated April 22, 2013, as denied those branches of their cross motion which were, in effect, for summary judgment dismissing, as time-barred, the second, third, and fourth causes of action insofar as asserted

against the defendant Rory Calhoun by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd., the fifth and sixth causes of action insofar as asserted against the defendant American Virgin Enterprises, Ltd., by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd., the seventh cause of action insofar as asserted against the defendant Sirius Development, LLC, by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd., the tenth, eleventh, and twelfth causes of action insofar as asserted against the defendants Rory Calhoun, American Virgin Enterprises, Ltd., and Sirius Development, LLC, by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd., and the thirteenth cause of action insofar as asserted against the defendant Rory Calhoun by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion of the defendants Rory Calhoun, American Virgin Enterprises, Ltd., and Sirius Development, LLC, which were for summary judgment dismissing, as time-barred, the fifth cause of action insofar as asserted against the defendant American Virgin Enterprises, Ltd., by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd., and the twelfth cause of action insofar as asserted against the defendants Rory Calhoun, American Virgin Enterprises, Ltd., and Sirius Development, LLC, by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd., and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On or about July 24, 2012, the plaintiffs commenced this action, inter alia, to recover damages for breach of fiduciary duty arising from a real estate development deal. The plaintiffs moved for certain relief. The defendants Rory Calhoun, American Virgin Enterprises, Ltd., and Sirius Development, LLC (hereinafter collectively the appellants), cross-moved, in effect, for summary judgment dismissing, as time-barred, the second, third, fourth, fifth, sixth, seventh, tenth, eleventh, twelfth, and

thirteenth causes of action insofar as asserted against one or more of the appellants. In an order dated April 22, 2013, the Supreme Court, inter alia, in effect, granted the cross motion insofar as those causes of action were asserted by the plaintiffs Michael P. DiRaimondo and William Childs, and denied the cross motion insofar as those causes of action were asserted by the plaintiffs Robert Peters and Charlene Vaughan. The appellants appeal, and we modify the order by, in effect, granting those branches of the appellants' cross motion which were for summary judgment dismissing, as time-barred, the fifth and twelfth causes of action insofar as asserted against one or more of the appellants by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd.

The Supreme Court properly denied those branches of the appellants' cross motion which were, in effect, for summary judgment dismissing, as time-barred, the second, third, fourth, sixth, seventh, and thirteenth causes of action insofar as asserted against one or more of the appellants by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd.

"New York law does not provide a single statute of limitations for breach of fiduciary duty claims. Rather, the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks. Where the remedy sought is purely monetary in nature, courts construe the suit as alleging 'injury to property' within the meaning of CPLR 214 (4), which has a three-year limitations period. Where, however, the relief sought is equitable in nature, the six-year limitations period of CPLR 213 (1) applies" (*IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009] [citations omitted]).

"[W]here an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213 (8)" (*IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d at 139; *see Kaufman v Cohen*, 307 AD2d 113, 119 [2003]). "An exception to this rule . . . is that 'courts will not apply the fraud Statute of Limitations if the fraud allegation is only incidental to the claim asserted; otherwise, fraud would be used as a means to litigate stale claims'" (*Kaufman v Cohen*, 307 AD2d at 119, quoting *Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 120 [1985], *affd* 67 NY2d 981 [1986]). "Thus, where an allegation of fraud is not essential to the cause of action pleaded except as an answer to an anticipated defense of Statute of Limitations, courts look for the reality, and the essence of the action and not its mere

name" (*Kaufman v Cohen*, 307 AD2d at 119 [internal quotation marks omitted]).

In this case, the allegations of actual fraud are essential to, not merely incidental to, the breach of fiduciary duty causes of action (*cf. id.* at 120). Consequently, the limitations period set forth in CPLR 213 (8) applies.

CPLR 213 (8) provides, in part, "the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." "The discovery accrual rule also applies to fraud-based breach of fiduciary duty claims. An inquiry as to the time that a plaintiff could, with reasonable diligence, have discovered the fraud turns upon whether a person of ordinary intelligence possessed knowledge of facts from which the fraud could be reasonably inferred" (*Kaufman v Cohen*, 307 AD2d at 122-123 [citations and internal quotation marks omitted]). Here, a triable issue of fact exists regarding when the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd., could have, with reasonable diligence, discovered the alleged fraud (*see Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d 585, 587-588 [2009]).

Further, the Supreme Court properly denied those branches of the appellants' cross motion which were, in effect, for summary judgment dismissing, as time-barred, the tenth and eleventh causes of action insofar as asserted against the appellants by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd. "The statute of limitations for civil RICO claims is four years" (*House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d 848, 849 [2013]). "A RICO claim is deemed to have accrued when the plaintiff 'knew or should have known of his or her injury, regardless of when he or she discovered the underlying fraud' " (*id.* at 849-850, quoting *Dempster v Liotti*, 86 AD3d 169, 178 [2011]). Here, a triable issue of fact exists regarding when the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd., knew or should have known of the injury.

However, the Supreme Court should have granted those branches of the appellants' cross motion which were, in effect, for summary judgment dismissing, as time-barred, the fifth and twelfth causes of action insofar as asserted against one or

more of the appellants by the plaintiffs Robert Peters and Charlene Vaughan, individually and derivatively on behalf of American Virgin Enterprises, Ltd.

"Actions for declaratory judgments are not ascribed a certain limitations period. The nature of the relief sought in a declaratory judgment action dictates the applicable limitations period. Thus, if the action for a declaratory judgment could have been brought in a different form asserting a particular cause of action, the limitations period applicable to the particular cause of action will apply" (*Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d at 587 [citations omitted]).

The fifth cause of action for a declaratory judgment could have been brought, and, essentially, was brought, in the form of the twelfth cause of action, as a cause of action to impose a constructive trust (*see Tornheim v Tornheim*, 67 AD3d 775, 777 [2009]). A constructive trust is equitable in nature and governed by a six-year statute of limitations (*see Loeuis v Grushin*, 126 AD3d 761, 765 [2015]). "The cause of action accrued on the date of the wrongful transfer of the subject property. A determination of when the cause of action accrued depends upon whether the constructive trustee acquired the property wrongfully—in which case the cause of action accrued on the date of acquisition—or whether the constructive trustee wrongfully withheld property acquired lawfully from the beneficiary—in which case the cause of action accrued when the trustee breached or repudiated the agreement to transfer the property" (*id.* at 765 [citation and internal quotation marks omitted]). Here, the constructive trustee allegedly acquired the property wrongfully in or about April 2006. Since this action was commenced on or about July 24, 2012, the cause of action to impose a constructive trust is time-barred. Moreover, because the fifth cause of action for a declaratory judgment could have been brought, and, essentially, was brought in the form of the twelfth cause of action, as a cause of action to impose a constructive trust, the declaratory judgment cause of action also is time-barred under the six-year limitations period applicable to a cause of action to impose a constructive trust (*see Tornheim v Tornheim*, 67 AD3d at 777). Balkin, J.P., Austin, Miller and Maltese, JJ., concur.