■ Cynthia Franklin, Appellant, v Michael Hafftka et al., Respondents. [35 NYS3d 142]—

In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Margaret C. Reilly, J.), entered May 21, 2014, as granted those branches of the defendants' motion which were to dismiss the first, third, fourth, fifth, ninth, eleventh and sixteenth causes of action, and portions of the sixth, seventh and eighth causes of action, of the complaint, and denied her cross motion for leave to amend the fifth, sixth and seventh causes of action of the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the defendants' motion which were to dismiss the first, third, fourth, fifth and sixteenth causes of action, and portions of the sixth, seventh and eighth causes of action, of the complaint, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for leave to amend the fifth cause of action of the complaint, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

As alleged in the complaint, in 1999, George S. Franklin (hereinafter Franklin) and his long-time friend, the defendant Michael Hafftka, along with Michael's wife, the defendant Yonat Hafftka, entered into a written agreement governing both their joint purchase of a residential building in Brooklyn (hereinafter the building) and their shared living arrangement in the building. Franklin had suffered from mental illness since childhood and had been hospitalized on multiple occasions. In 2010, he was again hospitalized for mental illness and did not thereafter return to live in the building. In 2013, his sister, Cynthia Franklin (hereinafter the plaintiff), who had been appointed his special guardian, commenced this action against the defendants on Franklin's behalf, asserting causes of action, inter alia, to recover damages for breach of contract and breach of fiduciary duty. The defendants moved to dismiss certain causes of action of the complaint as time-barred and/or for failure to state a cause of action. The plaintiff cross-moved for leave to amend the fifth, sixth and seventh causes of action. In

the order appealed from, the Supreme Court granted those branches of the defendants' motion which were to dismiss the first, third, fourth, fifth and sixteenth causes of action, and portions of the sixth, seventh and eighth causes of action, as time-barred, and to dismiss the ninth cause of action to recover damages for promissory estoppel and the eleventh cause of action for imposition of a purchase money resulting trust for failure to state a cause of action. The Supreme Court also denied the plaintiff's cross motion for leave to amend the fifth, sixth, and seventh causes of action. We modify.

In moving to dismiss a complaint pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a moving defendant must establish, prima facie, that the time within which to commence the action has expired (*see Loiodice v BMW of N. Am., LLC*, 125 AD3d 723, 724 [2015]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period (*see id.*; *Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746, 746 [2011]; *Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]). In opposition to the defendants' prima facie showing, the plaintiff raised a question of fact as to whether the statute of limitations was tolled pursuant to the fiduciary tolling rule or the "repudiation rule," under which the "applicable statutory period . . . does not begin to run until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated" (*New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc.*, 125 AD3d 1250, 1252 [2015] [citations and internal quotation marks omitted]; *see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 201-202 [2008]; *Incorporated Vil. of Muttontown v Ryba*, 121 AD3d 757, 759 [2014]; *Access Point Med., LLC v Mandell*, 106 AD3d 40, 44-45 [2013]). Although the plaintiff raises the issue for the first time on appeal, the issue of whether the fiduciary tolling rules applies to the facts as alleged may be reached, since it involves a question of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture (*see Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 751 [2014]; *Muniz v Mount Sinai Hosp. of Queens*, 91 AD3d 612, 618 [2012]). Accordingly, those branches of the defendants' motion which were to dismiss the first, third, fourth, fifth and sixteenth causes of action, and portions of the sixth, seventh and eighth causes of action, of the complaint as time-barred, should have been denied.

To establish a viable cause of action sounding in promissory

estoppel, a plaintiff must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) injury sustained in reliance upon the promise (*see NGR, LLC v General Elec. Co.*, 24 AD3d 425 [2005]; *Rogers v Town of Islip*, 230 AD2d 727, 727 [1996]). Here, the plaintiff failed to adequately allege that Franklin reasonably relied on the defendants' alleged oral promises. Accordingly, that branch of the defendants' motion which was to dismiss the ninth cause of action to recover damages for promissory estoppel was properly granted.

The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the eleventh cause of action to impose a purchase money resulting trust for failure to state a cause of action. "A resulting trust may be established if (1) title to property is taken in the name of one person without the consent or knowledge of the person who paid a consideration for the transfer, or (2) in violation of a trust, the transferee has purchased property with the money of another person" (*Mendel v Hewitt*, 161 AD2d 849, 851 [1990]; EPTL 7-1.3). Neither situation is applicable here.

The Supreme Court erred in denying that branch of the plaintiff's cross motion which was to amend the fifth cause of action, since the proposed amendment was not palpably insufficient, did not prejudice or surprise the opposing party, and was not patently devoid of merit (*see Clark v Clark*, 93 AD3d 812, 816 [2012]). However, contrary to the plaintiff's contention, the Supreme Court properly denied those branches of the cross motion which were to amend the sixth and seventh causes of action (*see Long Is. Power Auth. Ratepayer Litig.*, 47 AD3d 899, 900 [2008]).

The plaintiff's remaining contention need not be reached in light of our determination. Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.