NM v Estate of Edmund C. Grainger (2019 NY Slip Op 03061)





NM v Estate of Edmund C. Grainger


2019 NY Slip Op 03061


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-13465
 (Index No. 53427/17)

[*1]NM, et al., appellants, 
v
Estate of Edmund C. Grainger, Jr., respondent.


Calhoun & Lawrence, LLP, White Plains, NY (Clinton W. Calhoun III of counsel), for appellants.
McCullough, Goldberger & Staudt, LLP, White Plains, NY (Patricia W. Gurahian of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of fiduciary duty and negligence, the plaintiffs appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated October 12, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff NM is a beneficiary of an irrevocable trust established by his grandparents. The plaintiffs commenced this action on March 16, 2017, to recover damages for breach of fiduciary duty and negligence arising from the defendant's decedent's alleged mismanagement of the trust assets during his tenure as trustee. The defendant moved, inter alia, to dismiss the complaint insofar as asserted by the plaintiffs Robert Marich and Marie Silverman Marich for lack of standing, and pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. By order dated October 12, 2017, the Supreme Court, among other things, granted the defendant's motion. The plaintiffs appeal from so much of the order as granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
We agree with the Supreme Court's grant of that branch of the defendant's motion which was to dismiss the complaint as time-barred. "In moving to dismiss a complaint pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, a moving defendant must establish, prima facie, that the time within which to commence the action has expired" (Franklin v Hafftka, 140 AD3d 922, 924; see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). If the defendant makes this showing, "[t]he burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Franklin v Hafftka, 140 AD3d at 924; see Shah v Exxis, Inc., 138 AD3d 970, 971).
In this case, the defendant met its prima facie burden of demonstrating that the action is time-barred. It is undisputed that the applicable limitations period is three years (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139; DiRaimondo v Calhoun, 131 AD3d 1194, [*2]1195; Loeuis v Grushin, 126 AD3d 761, 764). The complaint was filed on March 16, 2017. Thus, to be timely, NM's claims must have accrued no earlier than March 16, 2014 (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 139). A tort claim accrues "as soon as the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint'" (id. at 140, quoting Kronos, Inc. v AVX Corp., 81 NY2d 90, 94). Thus, "[t]he statute of limitations for a cause of action alleging a breach of fiduciary duty does not begin to run until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated" (Loeuis v Grushin, 126 AD3d at 764). Here, the defendant submitted evidence that its decedent resigned as trustee in 2011, more than three years before this action was commenced in 2017.
In opposition to the defendant's prima facie showing, the plaintiffs failed to raise a question of fact (see Franklin v Hafftka, 140 AD3d at 924). Contrary to the plaintiffs' contention, the injury underlying the causes of action occurred during the time that the defendant's decedent allegedly mismanaged the trust assets, and not at the time that NM was first entitled to a distribution of the trust principal (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 140; Kronos, Inc. v AVX Corp., 81 NY2d at 94; Loeuis v Grushin, 126 AD3d at 764).
The parties' remaining contentions are without merit.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court