Star Auto Sales of Queens, LLC v Filardo (2022 NY Slip Op 01476)





Star Auto Sales of Queens, LLC v Filardo


2022 NY Slip Op 01476


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
SHERI S. ROMAN, JJ.


2019-05817
 (Index No. 717443/17)

[*1]Star Auto Sales of Queens, LLC, etc., appellant,
v
Douglas Filardo, et al., respondents.


Milman Labuda Law Group, PLLC, Lake Success, NY (Joseph M. Labuda, Jamie S. Felsen, Jeremy M. Koufakis, and Gregory C. Brown, Jr., of counsel), for appellant.
Douglas Filardo, Westhampton, NY, respondent pro se and for respondent Subaru Motorsports.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, fraud, conversion, and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated March 29, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the second, third, fourth, fifth, sixth, eighth, tenth, and twelfth causes of action as barred by the statute of limitations to the extent of limiting those causes of action to claims accruing on or after December 15, 2014, and granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the fourth, sixth, eighth, and twelfth causes of action. Justice Roman has been substituted for former Justice Austin (see 22 NYCRR 1250.1[b]).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the second, third, fourth, fifth, sixth, eighth, tenth, and twelfth causes of action as barred by the statute of limitations, and pursuant to CPLR 3211(a)(7) to dismiss the fourth, sixth, eighth, and twelfth causes of action, are denied.
In December 2017, the plaintiff, a car dealership, commenced this action alleging, inter alia, fraud, breach of fiduciary duty, and related causes of action against the defendant Douglas Filardo, a sales manager who was employed by the plaintiff from 2006 to 2017, and the defendant Subaru Motorsports, an entity created by Filardo (hereinafter Motorsports and together with Filardo the defendants). The plaintiff alleged that from 2013 to 2017 Filardo, with the help of some of the plaintiff's other employees, used an annual advance payment to the plaintiff from nonparty Subaru of America, Inc., to conceal Filardo's theft of cash deposits from the plaintiff's customers in the amount of approximately $455,000. The plaintiff also alleged that Filardo created Motorsports to act as an intermediary between the plaintiff and nonparty New Vision Advertising (hereinafter New Vision), an advertising agency that worked for the plaintiff. The plaintiff alleged that, from 2008 through 2016, Filardo created fake invoices on behalf of Motorsports that sought more money than the actual invoices submitted by New Vision for work that New Vision had performed for the plaintiff. The plaintiff alleged that it paid the fake invoices by issuing checks to Motorsports, and that Filardo used some of those funds to pay the actual invoices submitted by New Vision, and kept the funds that remained, in the amount of approximately $1,400,000, for his own benefit. The plaintiff asserted causes of action against Filardo for breach of fiduciary duty (first cause of action), breach of the duty of loyalty (second cause of action), faithless servant doctrine (third cause of [*2]action), conversion (fifth cause of action), fraudulent concealment by fiduciary (sixth cause of action), and promissory estoppel (ninth cause of action), and causes of action against both defendants for aiding and abetting fraud (fourth cause of action), civil conspiracy (seventh cause of action), fraud and deceit (eighth cause of action), unjust enrichment (tenth cause of action), money had and received (eleventh cause of action), and fraud by non-disclosure (twelfth cause of action).
As is relevant to this appeal, the defendants moved pursuant to CPLR 3211(a)(5) to dismiss the second, third, fourth, fifth, sixth, eighth, tenth, and twelfth causes of action, and pursuant to CPLR 3211(a)(7) to dismiss the fourth, sixth, eighth, and twelfth causes of action. In an order dated March 29, 2019, the Supreme Court granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the second, third, fourth, fifth, sixth, eighth, tenth, and twelfth causes of action to the extent of limiting those causes of action to claims accruing on or after December 15, 2014, and granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the fourth, sixth, eighth, and twelfth causes of action. The plaintiff appeals.
The Supreme Court should have denied in their entirety those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the second, third, fourth, fifth, sixth, eighth, tenth, and twelfth causes of action. "In moving to dismiss a complaint pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, a moving defendant must establish, prima facie, that the time within which to commence the action has expired" (Franklin v Hafftka, 140 AD3d 922, 924; see Farro v Schochet, 190 AD3d 698, 698-699). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Franklin v Hafftka, 140 AD3d at 924).
"The statute of limitations for a cause of action alleging a breach of fiduciary duty does not begin to run until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated" (Loeuis v Grushin, 126 AD3d 761, 764; see Franklin v Hafftka, 140 AD3d at 924). Here, the plaintiff alleged that its relationship with Filardo was not terminated until November 2017, and there is no allegation that Filardo openly repudiated his employment obligations prior to that time. Thus, the Supreme Court should have denied in their entirety those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the second and third causes of action, alleging a breach of the duty of loyalty and the faithless servant doctrine, respectively, rather than limiting those causes of action to claims accruing
after December 15, 2014 (see Franklin v Hafftka, 140 AD3d at 924; Loeuis v Grushin, 126 AD3d at 764).
A cause of action alleging conversion typically must be commenced within three years of the alleged conversion (see CPLR 214[3]). However, when the allegations of fraud are essential to a cause of action alleging conversion based upon actual fraud, the cause of action is governed by the limitations period for fraud set forth in CPLR 213(8). That statute provides that, in an action based upon fraud, "the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it" (see Monteleone v Monteleone, 162 AD3d 761, 762; see generally IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139). Here, the fifth cause of action, alleging conversion, was based on an alleged actual fraud. Specifically, the amended complaint alleged, among other things, that Filardo owed a fiduciary duty to the plaintiff, and that he engaged in a fraudulent scheme by making material omissions of fact and fraudulently concealed from the plaintiff the fact that he was diverting monies from it. The amended complaint also alleged that Filardo intended that the plaintiff rely on those misrepresentations and omissions and would not discover the misappropriation, that the plaintiff reasonably relied on those misrepresentations and omissions, and that plaintiff was damaged thereby. Since the fifth cause of action, alleging conversion, is based upon fraud, it is governed by the statute of limitations period for fraud set forth in CPLR 213(8) (see Loeuis v Grushin, 126 AD3d at 765; see also Monteleone v Monteleone, 162 AD3d at 762).
A six-year statute of limitations also applies to the tenth cause of action, alleging unjust enrichment, which, as pleaded, sounds in equity (see Farro v Schochet, 190 AD3d at 699; Loeuis v Grushin, 126 AD3d at 765).
Moreover, since the fourth, sixth, eighth, and twelfth causes of action, which sounded in fraud, were not merely incidental to the cause of action for conversion, the Supreme Court also should have applied the limitations period set forth in CPLR 213(8) to those causes of action (see Kaufman v Cohen, 307 AD2d 113, 120; see also DiRaimondo v Calhoun, 131 AD3d 1194, 1197). The court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth, sixth, eighth, and twelfth causes of action on the ground that those causes of action failed to satisfy the pleading requirements of CPLR 3016(b). The pleading requirements of CPLR 3016(b) are met when the facts plead are sufficient to permit a reasonable inference of the alleged conduct (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492; Berkovits v Berkovits, 190 AD3d 911, 915). Here, the plaintiff sufficiently pleaded each of the elements of fraud with the requisite specificity pursuant to CPLR 3016(b) (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 492; Berkovits v Berkovits, 190 AD3d at 915-916).
DUFFY, J.P., BARROS, RIVERA, and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court