Statharos v Statharos (2023 NY Slip Op 04226)

Statharos v Statharos

2023 NY Slip Op 04226

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
LILLIAN WAN, JJ.

2020-07492
 (Index No. 600988/20)

[*1]George Statharos, et al., appellants, 
v
Steven Statharos, et al., respondents (and another action).

Schindler, Cohen & Hochman, LLP, New York, NY (Steven R. Schindler, Karen Steel, and Jenny C. Gu of counsel), for appellants.
Archer & Greiner, P.C., New York, NY (Michael S. Horn of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated September 15, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiffs George Statharos and Dorothy Statharos, who are the parents of the defendant Steven Statharos, were members of Raina, LLC, which owned property located at 54-18 Broadway in Woodside (hereinafter the premises). Together, George and Dorothy manage the plaintiff City Transport Mgmt., Inc. (hereinafter City Transport), a taxicab company owned by Dorothy, who herself manages 75 taxi medallions. For decades, City Transport leased the premises from Raina, LLC, and used the premises to operate its business. In 2004, George's and Dorothy's membership in Raina, LLC, was transferred to Steven without their consent. Later, the defendant Raina II, LLC, was formed, with Steven as its sole member and an advisory committee comprised of George, Dorothy, and Steven. Raina, LLC, transferred the premises to Raina II, LLC. In June 2019, Steven allegedly breached a promise he made to George and Dorothy that they would be permitted to continue managing both Raina II, LLC, and the premises notwithstanding that Steven was the sole member of Raina II, LLC, the owner of the premises. In September 2019, Steven sought to terminate City Transport's tenancy at the premises without the approval or consent of George or Dorothy.
In January 2020, George, Dorothy, and City Transport commenced this action against Steven and Raina II, LLC, alleging, inter alia, breach of contract and breach of fiduciary duty. The defendants moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. The Supreme Court granted the motion on the ground that the entire action was time-barred. The plaintiffs appeal, and we reverse.
"In moving to dismiss a complaint pursuant to CPLR 3211(a)(5) as barred by the [*2]applicable statute of limitations, a moving defendant must establish, prima facie, that the time within which to commence the action has expired" (Franklin v Hafftka, 140 AD3d 922, 924). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (id. at 924; see Star Auto Sales of Queens, LLC v Filardo, 203 AD3d 865, 866-867).
"'New York law does not provide a single statute of limitations for breach of fiduciary duty claims. Rather, the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks'" (DiRaimondo v Calhoun, 131 AD3d 1194, 1196, quoting IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139). "'[W]here an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213(8)'" (DiRaimondo v Calhoun, 131 AD3d at 1196, quoting IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 139).
Here, allegations of actual fraud are essential to, not merely incidental to, the breach of fiduciary duty cause of action. Consequently, the limitations period set forth in CPLR 213(8) is applicable. CPLR 213(8) provides, in part, that "the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it." "'The discovery accrual rule also applies to fraud-based breach of fiduciary duty claims. An inquiry as to the time that a plaintiff could, with reasonable diligence, have discovered the fraud turns upon whether a person of ordinary intelligence possessed knowledge of facts from which the fraud could be reasonably inferred'" (DiRaimondo v Calhoun, 131 AD3d at 1197, quoting Kaufman v Cohen, 307 AD2d 113, 122-123). Here, the plaintiffs discovered the alleged fraud in 2019 and the cause of action was timely commenced within two years. Accordingly, the Supreme Court erred in finding that the breach of fiduciary duty cause of action was time-barred.
Further, the Supreme Court erred in granting that branch of the motion which was to dismiss the constructive trust cause of action as time-barred. A cause of action "'for the imposition of a constructive trust is governed by the six-year Statute of Limitations of CPLR 213(1), which starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution'" (Barone v Barone, 130 AD3d 765, 766, quoting Sitkowski v Petzing, 175 AD2d 801, 802). "'A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition, or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property'" (Barone v Barone, 130 AD3d at 766, quoting Sitkowski v Petzing, 175 AD2d at 802). Here, the gravamen of the cause of action for the imposition of a constructive trust is not, as urged by the defendants and found by the court, that the defendants wrongfully acquired Raina, LLC, in 2004, but rather that, in 2019, Steven breached his promise to George and Dorothy that they would continue to manage the renamed LLC and control the premises. Under these circumstances, the statute of limitations on the cause of action for the imposition of a constructive trust did not begin to run until 2019, when Steven allegedly breached his promise (see Crivaro v Crivaro, 295 AD2d 304, 305-306). Accordingly, the court erred in granting that branch of the motion which was pursuant to CPLR 3211(a)(5) to dismiss the constructive trust cause of action as time-barred.
The Supreme Court also erred in directing dismissal of the declaratory judgment cause of action as time-barred. "[I]n order to determine the statute of limitations applicable to an action for a declaratory judgment, a court must examine the substance of the action. Where it is determined that the parties' dispute can be, or could have been, resolved in an action or proceeding for which a specific limitation period is statutorily required, that limitation period governs" (Village of Islandia v County of Suffolk, 162 AD3d 715, 716; see Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202). Here, each cause of action is governed by a six-year statute of limitations period. Accordingly, a six-year statute of limitations period applies to the declaratory judgment cause of action and, having accrued in 2019, this cause of action is not time-barred (see [*3]Village of Islandia v County of Suffolk, 162 AD3d at 717).
Similarly, the Supreme Court erred in concluding that the causes of action alleging fraud in the inducement and promissory estoppel are time-barred. The statute of limitations for those causes of action is six years (see Star Auto Sales of Queens, LLC v Filardo, 203 AD3d 865 [fraud]; Schmidt v McKay, 555 F2d 30, 36 [2d Cir] [promissory estoppel]). Both causes of action accrued in 2019, when Steven allegedly breached his promise to George and Dorothy. Therefore, they were timely.
Moreover, contrary to the Supreme Court's determination, the breach of contract cause of action was not time-barred. The statute of limitations applicable to a breach of contract cause of action is six years (see CPLR 213[2]), "and begins at the time of the breach, even when no damage occurs until later, and even though the injured party may be ignorant of the existence of the wrong or injury" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 666, citing Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402-403). Here, the cause of action alleging breach of contract accrued in 2019, when Steven terminated the lease of City Transport without a majority vote of the advisory committee of Raina II, LLC, as required by the operating agreement. This action was commenced in 2020. Accordingly, the breach of contract cause of action was not time-barred (see Soufer v Baroukhian, 182 AD3d 624, 626).
As an alternative ground for affirmance, the defendants argue that the breach of contract cause of action should be dismissed pursuant to CPLR 3211(a)(1). This contention is without merit. A motion to dismiss a complaint based upon CPLR 3211(a)(1) may be granted "only where the documentary evidence utterly refutes [a] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). Here, in support of their motion, the defendants submitted the operating agreement of Raina II, LLC, which requires a vote of the advisory committee, i.e., George, Dorothy, and Steven, when major decisions are contemplated. More specifically, the operating agreement provides that Steven, as the sole member, shall not take any action or "make any decision," without approval in writing by a "majority vote of the Advisory Committee," if such action or decision is to "dispose of or enter into any agreement, [or] commitment . . . to sell, transfer, assign or otherwise dispose of all or any portion of the Company's property, including any rights associated with such property. . . or enter into any amendment, [or] modification . . . of any agreement, commitment or option to sell, lend or lease, transfer, assign or otherwise dispose of all or any portion of the Company's property." Contrary to the defendants' contention, pursuant to the terms of the operating agreement, Steven did not have the authority to terminate the lease of the premises—the company's sole asset—to City Transport without a "majority vote of the Advisory Committee in advance."
The defendants' remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court