Salati v Northwell Health (2025 NY Slip Op 01660)

Salati v Northwell Health

2025 NY Slip Op 01660

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-09976
 (Index No. 609824/22)

[*1]Michelle Salati, respondent, 
v
Northwell Health, et al., appellants, et al., defendants.

Sheppard, Mullin, Richter & Hampton LLP, New York, NY (Jonathan Stoler and Shira Forman of counsel), for appellants.
John J. Zidziunas & Assoc., LLC, New York, NY (Caroline McCallan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for employment discrimination and wrongful termination, the defendants Northwell Health, South Shore University Hospital, and Roseann Mignone appeal from an order of the Supreme Court, Suffolk County (Frank A. Tinari, J.), dated August 14, 2023. The order denied those defendants' motion, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Northwell Health, South Shore University Hospital, and Roseann Mignone, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred is granted.
In 2021, the plaintiff applied for a position with the defendant Northwell Health (hereinafter Northwell) and electronically signed an employment application containing a provision shortening the limitations period for any employment-related claims to six months from the date of occurrence. The plaintiff was hired by Northwell in March 2021. Her employment was terminated on November 23, 2021.
The plaintiff commenced this action on May 24, 2022, six months and one day after the termination of her employment, against, among others, Northwell, South Shore University Hospital, where the plaintiff was working at the time of the termination of her employment, and Roseann Mignone, the plaintiff's supervisor at the time of the termination of the plaintiff's employment. Subsequently, Northwell, South Shore University Hospital, and Mignone (hereinafter collectively the defendants) moved, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred, citing the six-month contractual limitations period. In an order dated August 14, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
"Parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations" (J Constr. Co., LLC v Westchester Fire Ins. Co., 165 AD3d 1076, 1078). "'[A]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to [*2]commence an action is enforceable provided it is in writing'" (Receivable Collection Servs., LLC v Nassau County, 227 AD3d 834, 834, quoting John J. Kassner & Co. v City of New York, 46 NY2d 544, 551). CPLR 201 provides that an action "must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement."
Pursuant to CPLR 3211(a)(5), "'a moving defendant must establish, prima facie, that the time within which to commence the action has expired'" (Statharos v Statharos, 219 AD3d 651, 652, quoting Franklin v Hafftka, 140 AD3d 922, 924). Once this threshold showing is met, the burden then shifts to the plaintiff to "'raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period'" (id., quoting Franklin v Hafftka, 140 AD3d at 924).
Here, the defendants produced the employment application, which contained the provision regarding the six-month limitations period and which was signed by the plaintiff. The plaintiff does not dispute that her employment was terminated on November 23, 2021. The defendants therefore established, prima facie, that the limitations period expired on May 23, 2022. The plaintiff commenced this action on May 24, 2022, one day after the expiration of the limitations period.
In opposition, the plaintiff failed to raise a question of fact as to whether the shortened limitations period was unconscionable (see Eichholz v Panzer-Eichholz, 188 AD3d 820, 823-824) or otherwise unenforceable (see Hunt v Raymour & Flanigan, 105 AD3d 1005, 1005-1006).
Accordingly, the Supreme Court should have granted the defendants' motion, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court