Extech Bldg. Materials, Inc. v J Cos., LLC (2026 NY Slip Op 01770)

Extech Bldg. Materials, Inc. v J Cos., LLC

2026 NY Slip Op 01770

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2022-06560
 (Index No. 504829/18)

[*1]Extech Building Materials, Inc., plaintiff,
vJ Companies, LLC, et al., defendants, Senator Construction Group, Inc., defendant third-party plaintiff-respondent; J1616 Construction Co., LLC, et al., third-party defendants-appellants.

Herlihy LLP, White Plains, NY (Matthew H. Herlihy of counsel), for third-party defendant-appellant J1616 Construction Co., LLC.
Tarter Krinsky & Drogin LLP, New York, NY (Jonathan E. Temchin of counsel), for third-party defendants-appellants Clinton Hill Development I, LLC, and Clinton Hill Development II, LLC.
Muchmore & Associates PLLC, Brooklyn, NY (Brandon Maxwell of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien, the third-party defendant J1616 Construction Co., LLC, and the third-party defendants Clinton Hill Development I, LLC, and Clinton Hill Development II, LLC, separately appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 27, 2022. The order, insofar as appealed from by the third-party defendant J1616 Construction Co., LLC, denied its motion pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against it. The order, insofar as appealed from by the third-party defendants Clinton Hill Development I, LLC, and Clinton Hill Development II, LLC, denied their motion pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against them.
ORDERED that order is reversed, on the law, with one bill of costs payable to the third-party defendant J1616 Construction Co., LLC, and the third-party defendants Clinton Hill Development I, LLC, and Clinton Hill Development II, LLC, appearing separately and filing separate briefs, and those third-party defendants' separate motions pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against each of them are granted.
The third-party defendants Clinton Hill Development I, LLC, and Clinton Hill Development II, LLC (hereinafter together the owners), own certain real property located at 531 Myrtle Avenue in Brooklyn (hereinafter the Myrtle property) and 100 Steuben Street in Brooklyn (hereinafter the Steuben property). In 2016, the owners' construction manager, the third-party defendant J1616 Construction Co., LLC (hereinafter J1616), entered into three separate contracts (hereinafter the trade contracts) with a subcontractor, the defendant third-party plaintiff Senator Construction Group, Inc. (hereinafter Senator), to perform roofing and masonry work at the Myrtle property and the Steuben property.
In March 2018, the plaintiff commenced this action to foreclose a mechanic's lien against Senator, among others, alleging that Senator failed to pay the plaintiff for certain building materials. In April 2021, Senator commenced a third-party action against the owners and J1616, asserting causes of action alleging breach of contract and unjust enrichment. The third-party complaint alleged, inter alia, that J1616 failed to pay Senator for its work under the trade contracts and that the owners breached a settlement agreement they entered into with J1616 in which the owners were assigned the trade contracts, as well as other subcontractor agreements, and agreed to pay all sums due to all subcontractors. Thereafter, the owners and J1616 separately moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the third-party complaint insofar as asserted against each of them. Senator opposed the motions. In an order dated May 27, 2022, the Supreme Court denied the separate motions. The owners and J1616 separately appeal.
Pursuant to CPLR 3211(a)(5), "'a moving defendant must establish, prima facie, that the time within which to commence the action has expired'" (Statharos v Statharos, 219 AD3d 651, 652, quoting Franklin v Hafftka, 140 AD3d 922, 924). Once this threshold showing is met, the burden then shifts to the party opposing the motion to "'raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period'" (id., quoting Franklin v Hafftka, 140 AD3d at 924).
"Parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations" (J Constr. Co., LLC v Westchester Fire Ins. Co., 165 AD3d 1076, 1078; see CPLR 201). "'[A]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable provided it is in writing'" (Receivable Collection Servs., LLC v Nassau County, 227 AD3d 834, 834, quoting John J. Kassner & Co. v City of New York, 46 NY2d 544, 551; see Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d 970, 971).
Here, all three trade contracts contained section 18.15(a), which shortened the limitations period for any claims arising out of the trade contracts to one year from the date that the trade contracts were terminated. Senator does not dispute that two of the trade contracts were terminated in April 2017 and one of the trade contracts was terminated in November 2018. Thus, the owners and J1616 established, prima facie, that the third-party cause of action alleging breach of the trade contracts was time-barred, as Senator failed to commence the third-party action within the one-year limitation period set forth in the trade contracts (see Salati v Northwell Health, 236 AD3d 951, 952; Receivable Collection Servs., LLC Nassau County, 227 AD3d at 834). In opposition, Senator failed to raise a question of fact as to whether the limitations period was tolled or was otherwise inapplicable.
The third-party complaint also asserted a cause of action alleging that the owners breached the settlement agreement they entered into with J1616 by failing to pay Senator. "'A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost'" (Malan v QPS 23-10 Dev., LLC, 237 AD3d 802, 803, quoting Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 697, 698-699). "An intent to benefit the third party must be shown, and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contract" (Clarke v Clarke, 227 AD3d 659, 660; see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710). Here, Senator failed to state a cause of action for breach of the settlement agreement under a third-party beneficiary theory, as Senator was merely an incidental beneficiary to the settlement agreement rather than a third-party beneficiary. The third-party complaint failed to allege that Senator was the only one who could recover for the breach of the settlement agreement or that there was an intent to permit enforcement of the settlement agreement by Senator (see Neurological Surgery, P.C. v Group Health Inc., 224 AD3d at 699; Merlino v Knudson, 214 AD3d 642, 645).
"[T]he theory of unjust enrichment lies as a quasi-contract claim. It is an obligation [*2]the law creates in the absence of an agreement" (Port Auth. of N.Y. & N.J. v Brooklyn Union Gas Co., 179 AD3d 1106, 1108 [internal quotation marks omitted]). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790). Here, Senator's third-party cause of action alleging unjust enrichment was duplicative of the third-party causes of action alleging breach of contract, as the trade contracts cover this dispute (see Crawford v Integrated Asset Mgt. Servs., LLC, 236 AD3d 750, 752; New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d 799, 803).
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted the separate motions of the owners and J1616 pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against each of them.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court